Gene E. BROWN, Plaintiff,

v.

Max GRIMM, Defendant.

No. 79 C 1150.

United States District Court,
N. D. Illinois, E. D.

Oct. 17, 1979.

LeRoy L. Bianchi of Grauer, Bianchi & White, Schaumburg, Ill., for plaintiff.

Beverly, Pause, Duffy & O'Malley, Chicago, Ill., for defendant.

## MEMORANDUM OPINION

GRADY, District Judge.

Plaintiff, a resident of Illinois, brought this diversity action seeking damages sustained in an auto accident with the defendant, a resident of Indiana. The accident took place in Indiana. Defendant has moved to quash service of process and dismiss the action on the ground that he has done nothing which would give this court jurisdiction under the Illinois Long-Arm Statute, Ill.Rev.Stat. ch. 110, § 17. In response to this motion of defendant, plaintiff has moved to transfer the case to the District Court for the Northern District of Indiana. Plaintiff asserts that if defendant's motion is granted, plaintiff will not then be able to pursue his cause of action because the statute of limitations has run on his claim. For the following reasons, we will grant defendant's motion and deny plaintiff's motion.

For service of process to confer *in personam* jurisdiction on this court, defendants must be amenable to process under the Illinois Long-Arm Statute, Ill.Rev.Stat. ch. 110, § 17(1), which provides, in relevant part:

Any person, whether or not a citizen or resident of the State, who in person or through an agent does any of the acts hereinafter enumerated, thereby submits such person, and, if an individual, his personal representative, to the jurisdiction of the courts of the State as to any cause of action arising from the doing of any such acts:

\* \* \* \* \* \*

(b) The commission of a tortious act within this State . . ..

Due process requires that there be sufficient minimum contacts by the defendant with the forum state so that the exercise of jurisdiction is reasonable and just according to the traditional concept of fair play and substantial justice. *International Shoe Co. v. State of Washington,* 326 U.S. 310, 320, 66 S.Ct. 154, 90 L.Ed. 95 (1945). In the present case, plaintiff's complaint suggests no contacts by defendant with the State of Illinois, let alone "minimum contacts." As noted earlier, defendant is a resident of Indiana, and was served in that state. For this court to have jurisdiction over the defendant, plaintiff would have to establish that defendant committed a tortious act within Illinois. Ill.Rev.Stat. ch. 110, § 17(1)(b). Yet plaintiff's complaint unequivocally states that the auto accident between the parties took place on an Indiana public roadway "at or near the town of Etna Green, Indiana." The only reference to Illinois in the complaint is as the place of residence of plaintiff. We find that this court does not have personal jurisdiction over the defendant.

Two questions are presented by plaintiff's motion to transfer this case to the Northern District of Indiana. The first is, in light of our finding that we do not have personal jurisdiction over the defendant, does this court have the power to transfer the case under 28 U.S.C. § 1404? If this first question is answered in the affirmative, then we must decide whether, in the court's discretion, transfer would be proper. Section 1404(a) provides:

For the convenience of parties and witnesses, in the interest of justice, a district

court may transfer any civil action to any other district or division where it might have been brought.

We believe that we do have the power to transfer a case under 28 U.S.C. § 1404(a), regardless of whether or not we have personal jurisdiction over the defendant. Although courts have taken differing views on this question, *compare Shong Ching Lau v. Change,* 415 F.Supp. 627 (E.D.Pa.1976) *and Color Technique, Inc. v. Don Wallace, Inc.,* 241 F.Supp. 952 (N.D.Ill.1965) *with United States Railway Equipment Co. v. Port Huron & Detroit Railroad Co.,* 58 F.R.D. 588 (N.D.Il.1973), *rev'd on other grounds,* 495 F.2d 1127 (7th Cir. 1974), we believe the question was settled by the Supreme Court in *Goldlawr, Inc. v. Heiman,* 369 U.S. 463, 82 S.Ct. 913, 8 L.Ed.2d 39 (1962).

In *Goldlawr,* the plaintiff had brought an antitrust action in the District Court for the Eastern District of Pennsylvania. Defendant moved to dismiss for improper venue and lack of personal jurisdiction. The District Court refused to dismiss the action, instead transferring the case to the Southern District of New York pursuant to 28 U.S.C. § 1406(a), which provides:

> The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.

The New York District Court then dismissed the case, agreeing with the defendants that the Pennsylvania District Court had no power under § 1406(a) to transfer the action. The Court of Appeals for the Second Circuit affirmed. The Supreme Court reversed, holding that "[n]othing in that language [of § 1406(a)] indicates that the operation of the section was intended to be limited to actions in which the transferring court has personal jurisdiction over the defendants." 369 U.S. at 465, 82 S.Ct. at 915. The court noted that § 1406(a) was enacted for the purpose of avoiding the injustice which often resulted when a plaintiff erred with regard to the existence of some elusive fact which might be determinative of the existence of venue. To allow a court to transfer a case despite the absence of personal jurisdiction over a defendant was seen as serving the salutary purpose of "removing whatever obstacles may impede an expeditious and orderly adjudication of cases and controversies on their merits." *Id.* at 466–67, 82 S.Ct. at 916. We believe these same considerations apply when analyzing § 1404(a). In many cases, it would be a great injustice for a plaintiff to lose his cause of action because of the passing of the limitations period solely because he was unable to determine whether or not a particular district court would have personal jurisdiction over a defendant.

Turning to the specifics of the instant case, we do not believe that transfer of this case would be "in the interest of justice." *Goldlawr* recognized that, "If by reason of the uncertainties of proper venue a mistake is made, . . . 'the interest of justice' may require that the complaint not be dismissed but rather that it be transferred . . . ." *Id.* at 467, 82 S.Ct. at 916. As we noted earlier, however, in the present case there could have been no reasonable uncertainty as to the absence of personal jurisdiction over the defendant in the Northern District of Illinois.

Had plaintiff alleged certain contacts by defendant with the State of Illinois, and then erroneously but reasonably concluded that the courts of this state had personal jurisdiction over the defendant, we believe, under the holding in *Goldlawr, Inc. v. Heiman, supra,* that it would be an appropriate exercise of our discretion to grant plaintiff's motion to transfer this case instead of dismissing it. We find applicable, however, the following analysis of § 1406(a) by the court in *Mulcahy v. Guertler,* 416 F.Supp. 1083, 1086 (D.Mass.1976):

> "It is obviously not 'in the interest of justice' to allow this section to be used to aid a non-diligent plaintiff who knowingly files a case in the wrong district." [citation omitted]. In contrast to the plaintiff in *Goldlawr,* the plaintiff in this case either knew or should have known,

in the exercise of reasonable diligence, that service of process could not be effected over the defendant in this district.

In the instant case, it is clear that the Illinois Long-Arm Statute could not confer personal jurisdiction on this court over the defendant. Plaintiff was not faced with a difficult choice as to where to bring suit. Rather, plaintiff, or more likely plaintiff's attorney, simply failed to read the jurisdictional statutes, or else, being aware of the absence of jurisdiction, decided to file suit here anyway. Under these circumstances, we do not believe we should exercise our discretion in plaintiff's behalf.

Plaintiff's motion to transfer this case pursuant to 28 U.S.C. § 1404(a) is denied. Defendant's motion to dismiss for lack of personal jurisdiction is granted.