Rickie J. WILLIAMS, Plaintiff,

v.

GENERAL MOTORS CORPORATION and Friendly Chevrolet Co., Defendants.

No. LR–C–83–497.

United States District Court, E.D. Arkansas, W.D.

Oct. 24, 1983.

Jay Dickey, Jr., Pine Bluff, Ark., for plaintiff.

George Pike, Jr., Friday, Eldredge & Clark, Little Rock, Ark., for defendant Friendly Chevrolet Co.

Phillip Carroll, Rose Law Firm, Little Rock, Ark., for defendant General Motors Corp.

## MEMORANDUM OPINION

ROY, District Judge.

Pending now before the Court is the motion of defendant Friendly Chevrolet Co. (Friendly) to dismiss the case against it based upon a lack of jurisdiction. The issue presented is whether there are sufficient contacts between Friendly and the State of Arkansas so as to justify the exercise of jurisdiction over Friendly by this Court.

The essential facts for purposes of the motion are as follows. Rickie Williams, a Jacksonville resident, while overseas on military duty, ordered a car from General Motors Overseas Distribution Corporation, through an overseas dealer, to be delivered to Friendly in Dallas, Texas, for plaintiff's pick-up. The car Rickie Williams ordered was to contain a Z–28 package, but, upon arriving in Dallas to pick up the car at Friendly, he was told that his car had either been sold or never had been delivered. Apparently the Z–28 package had been left out inadvertently. Friendly made an attempt to sell Rickie Williams another car which had less "extras" for the same price, but Mr. Williams rejected the attempt. As a result of the alleged breach, Rickie Williams brought suit in this court against General Motors Corporation (GMC), a foreign corporation authorized to do business in the State of Arkansas, and Friendly, a Texas corporation with its principal place of business being in Dallas, Texas. Friendly filed its motion to dismiss stating that it is a corporation doing business in Texas; that it does not do business in Arkansas; that it does not have an agent for service

of process in Arkansas; that it has not acted directly or by an agent as to a cause of action arising from the transaction of business in Arkansas or from contracting to supply services or things in Arkansas; that it has not caused tortious injury by an act or omission in Arkansas; and that it does not regularly solicit business or engage in any other persistent course of conduct in Arkansas or derived substantial revenue from goods consumed or services in Arkansas.

Plaintiff in his response appears to justify the Court's exercise of jurisdiction over Friendly by relying on the Arkansas Long Arm Statute, Ark.Stat.Ann. § 27–2502, and by also alleging that Friendly was an agent or arm of GMC who dealt with the plaintiff and that the designation of Friendly as the pick-up agency for the transaction made it clear that Friendly would be completing a substantial contract for presumably a substantial profit for Friendly with a resident of Arkansas. He further contends that Friendly's attempt to comply with the terms of the contract were sufficient contacts to justify *in personam* jurisdiction over Friendly.

■ Although the Arkansas Long Arm Statute is to be liberally construed, *Martin v. Kelly Electric Co.*, 371 F.Supp. 1225 (E.D.Ark.1974), and the Supreme Court of Arkansas has given the Act in question an expansive sweep, *Dreyfus Co., Inc., v. Royster Co.*, 487 F.Supp. 531 (E.D.Ark.1980), there must still be some evidence upon which a prima facie showing of jurisdiction may be found to exist. *Scullin Steel Co. v. National Railway Utilization Corp.*, 676 F.2d 309 (8th Cir.1982); *Jeanway Industries, Inc. v. Knudson Manufacturing Company, Inc.*, 533 F.Supp. 678 (W.D.Ark. 1981).

Although plaintiff cites Ark.Stat.Ann. § 27–2502(B) in his brief to support the exercise of jurisdiction, his description of the statute refers to § 27–2502(C)(1)(d).[1]

---

1. "Causing tortious injury in this State by an act or omission outside this State if he regularly

does or solicits business, or engages in any other persistent course of conduct in this State

In order to exercise jurisdiction under this section, tortious injury must occur in Arkansas. *Pennsalt Chemical Corp. v. Crown Cork & Seal Co.,* 244 Ark. 638, 426 S.W.2d 417 (1968). Based upon the facts as presented by the plaintiff, the situs of the alleged tort and tortious injury occurred in Dallas, Texas, not Arkansas, when he went to pick up the car. Jurisdiction cannot therefore be exercised over Friendly under Ark.Stat.Ann. § 27–2502(C)(1)(d).

■ The plaintiff then relies on the assertion that Friendly was an agent or arm of GMC and since GMC dealt with the plaintiff, the plaintiff asks the Court to impute GMC's contacts to Friendly. Even if the Court were to assume, for purposes of this motion, that Friendly was an agent of GMC in its dealings with plaintiff, the Court would still not be able to say that it could exercise jurisdiction over Friendly. The plaintiff has cited no case, and the Court could find none, which would allow the Court to exercise jurisdiction over an agent by virtue of the principal's contacts. It is true that § 27–2502(C)(1) allows the Court to exercise jurisdiction over one who acts directly, or by an agent, but this provision would only enable the Court to exercise jurisdiction over the principal on whose behalf the agent acted, based upon the conduct of the agent as it falls within the provisions of the Long Arm Act. The statute does not authorize exercise of jurisdiction over an agent based upon the conduct of his principal as it falls within the provisions of the Long Arm Act. The actions of an agent acting for a disclosed principal bind only the principal and not the agent, subjecting only the principal to jurisdiction on the basis of contact with the forum. *First National Bank of Minneapolis v. White,* 420 F.Supp. 1331, 1336 (D.Minn. 1976).

■ Further, there are no allegations that GMC acted as agent for Friendly.

Plaintiff next asserts that the designation of Friendly as the pick-up agency for this transaction made it clear that Friendly would be completing a substantial contract for presumably a substantial profit for Friendly with a resident of Arkansas, and therefore by Friendly's attempt to comply with the terms of that contract there were sufficient contacts to justify *in personam* jurisdiction. Plaintiff has not cited any provision of the Long Arm Act to support the exercise of jurisdiction based upon the above conduct. Therefore, the Court can only assume he is trying to assert jurisdiction under Ark.Stat.Ann. § 27–2502(C)(1)(a), transacting any business in this state; or Ark.Stat.Ann. § 27–2502(C)(1)(b), contracting to supply services or things in this state. The Court holds that Friendly's contacts were insufficient to support either, but even if they were, they were insufficient contacts for purposes of the Due Process Clause of the Fourteenth Amendment.

In the present case, according to the pleadings now before the Court, the only evidence of contacts between Friendly and the State of Arkansas is as follows:

Friendly's business was designated as the place where plaintiff was to pick up the car.

When plaintiff arrived in Dallas at Friendly's business and the car that plaintiff had ordered was not there, Friendly attempted to sell him another car.

Plaintiff gave notice of this dilemma and demand to GMC and Friendly.

According to GMC, they were advised that on November 3, 1982, Friendly offered to find a Z–28 car to plaintiff's liking, but plaintiff rejected the offer.

The Court does not think the above conduct constituted "transacting business in this state" or "contracting to supply services or things in this state." The fact that Friendly dealt with the plaintiff resident in Dallas, Texas, when plaintiff went to pick up the car is not sufficient to confer jurisdiction in an Arkansas court. Nor is Friendly's act of contacting the plaintiff on November 3, 1982, sufficient to warrant

or derives substantial revenue from goods con-     sumed or services used in this State;"

the exercise of jurisdiction, even if the Court assumes that the contact was with the plaintiff in Arkansas.

The Court is aware of the liberal construction given to the Long Arm Statute by the Arkansas Supreme Court in *SD Leasing, Inc., v. Al Spain & Associates, Inc.,* 277 Ark. 178, 640 S.W.2d 451 (1982). However, even in *SD Leasing* there were more contacts between the defendant and the State of Arkansas than in the present case.

Alternatively, there were not sufficient "minimum contacts" between Friendly and the State of Arkansas so that the assertion of personal jurisdiction over Friendly would be consistent with traditional notions of fair play and substantial justice. The court in *Aftanese v. Economy Baler Co.,* 343 F.2d 187 (8th Cir.1965), set out five factors to be considered in deciding whether a defendant's contacts were sufficient to impose jurisdiction: (1) the nature and quality of the contacts with the forum state; (2) the quantity of the contacts with the forum state; (3) the relation of the cause of action to the contacts; (4) the interest of the forum state in providing a forum for its residents; and (5) the convenience of the parties. Plaintiff relies upon the contacts of Friendly with plaintiff resident to establish jurisdiction over Friendly. "It is a defendant's contacts with the forum state that are of interest in determining if in personam jurisdiction exists, not its contacts with a resident." *Aaron Ferer & Sons Co. v. Atlas Scrap Iron & Metal Co.,* 558 F.2d 450, 455 n. 6 (8th Cir.1977); *E.g., Mountaire Feeds, Inc., v. Agro Impex, S.A.,* 677 F.2d 651, 655 (8th Cir.1982); *Scullin Steel, supra,* at 313. "The unilateral activity of those who claim some relationship with a nonresident defendant cannot satisfy the requirement of contact with the forum state." *Hanson v. Denckla,* 357 U.S. 235, 253, 78 S.Ct. 1228, 1239, 2 L.Ed.2d 1283 (1958). "The use of interstate facilities (telephone, the mail), the making of payments in the forum state, and the provision for delivery within the forum state are secondary or ancillary factors and cannot alone provide the 'minimum contacts' re-quired by due process." *Scullin Steel, supra,* at 314.

While the convenience of the plaintiff might be served by hearing his claim here, Friendly's convenience is not served at all. This forum is actually convenient only for Rickie Williams.

In conclusion, it is this Court's holding that Rickie Williams did not make a prima facie showing of jurisdictional facts as to defendant Friendly Chevrolet Co., and the case against Friendly must therefore be dismissed.