Clete **BERNING, et al., Plaintiffs,**

v.

**BBC, INC., Defendant.**

**No. C–3–81–028.**

United States District Court, S.D. Ohio, W.D.

Nov. 10, 1983.

Jacob A. Myers, Dayton, Ohio, for plaintiffs.

Charles J. Faruki, D. Jeffrey Ireland, Dayton, Ohio, for defendant.

DECISION AND ENTRY GRANTING DEFENDANT'S MOTION TO DISMISS PURSUANT TO RULE 12(b)(2) FOR LACK OF PERSONAL JURISDICTION; TERMINATION ENTRY

RICE, District Judge.

The substance of the dispute in this diversity jurisdiction action involves an alleged breach of contract. Defendant has filed a Motion to Dismiss or In the Alternative to Transfer Venue. Defendant urges the Court to dismiss pursuant to Fed.R. Civ.P. 12(b)(2) on the ground that the Court lacks personal jurisdiction over Defendant and pursuant to Rule 12(b)(6) on the ground that the Complaint fails to state a claim upon which relief can be granted. In the alternative, Defendant moves the Court to transfer the instant action, pursuant to 28 U.S.C. § 1404(a), to the Eastern District of Tennessee, Northern Division (Knoxville). The Court finds that personal jurisdiction over Defendant is lacking in this Court and therefore dismisses the Complaint for lack of personal jurisdiction. Because the Court finds that the action should be dismissed for lack of personal jurisdiction, it does not decide Defendant's 12(b)(6) motion.

## I. FINDINGS OF FACT

The pleadings, affidavits and other materials filed in this matter reveal the following to be the relevant undisputed facts:

1. Plaintiffs, Clete Berning and Ali Yazdian, are citizens and residents of the state of Tennessee. (Complaint, doc. # 1, ¶ 1)

2. Defendant, BBC, Inc., a wholly-owned subsidiary of Genesco, is licensed to do business in Tennessee and North Carolina and has its principal place of business in Lenoir City, Tennessee. (Brown Affidavit, doc. # 4, ¶ 2)

3. Genesco is a Tennessee corporation with its principal place of business in Nashville, Tennessee. (Brown Affidavit, doc. # 4, ¶ 3)

4. Defendant is not licensed to do business in Ohio, nor does it have a sales office, manufacturing facilities, or employees residing in Ohio. (Brown Affidavit, doc. # 4, ¶¶ 3 and 4)

5. "For the sole purpose of this Court's consideration of Defendant's Motion to Dismiss or In the Alternative, To Transfer, Plaintiffs stipulate that their cause of action in this case did not arise from or out of the Defendant's doing business in the state of Ohio." (Stipulation, doc. # 9)

6. Defendant is engaged in the business of manufacturing hosiery and ships some of its products into the state of Ohio. (Defendant's Answer to Interrogatory No. 46, doc. # 7)

7. The alleged contract which forms the basis of this dispute was to provide Plaintiffs with commissions on sales of Defendant's products they were able to generate from Hema, B.V. Hoofdkantoor of Amsterdam ("Hema"), a Netherlands corporation. (Berning Affidavit, doc. # 11, ¶ 2; Brown Affidavit, doc. # 4, ¶¶ 4, 5)

8. This same alleged contract was negotiated in Tennessee. (Berning Affidavit, doc. # 11, ¶ 2)

9. The hosiery supplied to Hema were manufactured in Tennessee and shipped directly from Tennessee to the Netherlands. (Brown Affidavit, doc. # 4, ¶ 5)

## II. PERSONAL JURISDICTION

■ In diversity actions, a district court applies the law of the forum state, subject to due process limitations, to determine if it may exercise personal jurisdiction over a nonresident defendant. *National Can Corp. v. K. Beverage Co.*, 674 F.2d 1134, 1136 (6th Cir.1982); *Welsh v. Gibbs*, 631 F.2d 436, 439 (6th Cir.1980). Ohio's long-arm statute, O.R.C. § 2307.382,[1] is the ap-

---

1. Ohio's Long-Arm jurisdictional statute, encompassed in § 2307.382, provides as follows:

§ 2307.382 Personal Jurisdiction.

plicable provision for determining if a non-resident defendant is subject to the personal jurisdiction of this Court. Based upon the nature of the dispute and the facts presented, the Court determines that the only possible subsection upon which the Court could conceivably rely for exercising personal jurisdiction over Defendant, BBC, is contained in (A)(1), which, when read in conjunction with subsection (B), requires that the cause of action arise from the defendant's "transacting any business in this state."

The Sixth Circuit, in conformity with Supreme Court precedent (*e.g., World-Wide Volkswagen Corp. v. Woodson,* 444 U.S. 286, 444 S.Ct. 559, 62 L.Ed.2d 490 (1980); *Hanson v. Denckla,* 357 U.S. 235, 78 S.Ct. 1228, 2 L.Ed.2d 1283 (1958); *International Shoe Co. v. Washington,* 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945)), has adopted a three-prong analytical framework for determining whether the extension of personal jurisdiction over a non-resident defendant either comports with or offends due process. *National Can Corp. v. K. Beverage Co.,* 674 F.2d 1134 (6th Cir.1982); *Welsh v. Gibbs,* 631 F.2d 436 (6th Cir.1980), *cert. denied,* 450 U.S. 981, 101 S.Ct. 1517, 67 L.Ed.2d 816 (1981); *In-Flight Devices Corp. v. VanDusen Air, Inc.,* 466 F.2d 220 (6th Cir.1972); *Southern Machine Compa-ny, Inc. v. Mohasco Industries, Inc.,* 401 F.2d 374 (6th Cir.1968).

As first articulated in *Southern Machine,* this analytical framework provides:

First, the defendant must purposefully avail himself of the privilege of acting in the forum state or causing a consequence in the forum state. *Second, the cause of action must arise from the defendant's activities there.* Finally, the acts of the defendant must have a substantial enough connection with the forum state to make the exercise of jurisdiction over the defendant reasonable. (Emphasis added).

*Southern Machine Co., Inc. v. Mohasco Industries, Inc.,* 401 F.2d 374, 381 (6th Cir.1968). *See also, Barile v. University of Virginia,* 2 Ohio App.3d 233, 441 N.E.2d 608, 612–614 (1981).

Whether this Court may exercise personal jurisdiction over Defendant BBC, thus depends in the first instance upon whether the Ohio long-arm statute even purports to permit an Ohio court to extend personal jurisdiction over a similarly situated non-resident defendant. That is, the Court must determine whether the facts before it satisfy the applicable conditions set forth in the long-arm statute as predicates for personal service on a non-resident defendant. Only if the statute would ostensibly permit personal jurisdiction over a particular non-

A. A Court may exercise personal jurisdiction over a person who acts directly or by an agent, as to a cause of action arising from the person's:
(1) Transacting any business in this state;
(2) Contracting to supply services or goods in this state;
(3) Causing tortious injury by an act or omission in this state;
(4) Causing tortious injury in this state by an act or omission outside this state if he regularly does or solicits business, or engaged in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in this state;
(5) Causing injury in this state to any person by breach of warranty expressly or impliedly made in the sale of goods outside this state when he might reasonably have expected such person to use, consume, or be affected by the goods in this state, provides that he also regularly does or solicits business, or engaged in any other persistent course of conduct, or

derives substantial revenue from goods used or consumed or services rendered in this state;
(6) Causing tortious injury in this state to any person by an act outside this state committed with the purpose of injuring persons, when he might reasonably have expected that some person would be injured thereby in this state;
(7) Causing tortious injury to any person by a criminal act, any element of which takes place in this state, which he commits or in the commission of which he is guilty of complicity;
(8) Having an interest in, using, or possessing real property in this state;
(9) Contracting to insure any person, property, or risk located within this state at the time of contracting;
(B) When jurisdiction over a person is based solely upon this section, only a cause of action arising from acts enumerated in this section may be asserted against him.

resident defendant need the Court engage in the second inquiry of whether, given the apparent statutory authorization, due process permits a court sitting in Ohio to extend personal jurisdiction over that defendant.

█ Applying this analytical framework to the facts of this case results in the inescapable conclusion that this Court cannot exercise personal jurisdiction over Defendant BBC. Arguably, it may well be that Defendant has in the past and may, in fact, still be transacting business in Ohio by virtue of the sales it makes of its products in Ohio. O.R.C. 2307.382, however, requires that when jurisdiction is to be founded solely on the basis of the long-arm statute, the cause of action must arise from the business a defendant has transacted within the state. The instant dispute, however, has absolutely no bearing on the activities of Defendant in the forum state. The matters filed herein reveal that Plaintiff Berning went to Defendant's office in Tennessee to strike a deal whereby Plaintiffs would receive a commission for business they were able to produce for Defendant with Hema, a company in the Netherlands. Plaintiffs claim Defendant breached this alleged agreement and that they are entitled to both past and future commissions stemming from Defendant's sales to Hema. The record is bereft with any evidence which would provide the necessary nexus between the business conducted by Defendant in Ohio and the subject matter of this suit such that the Court could conclude that the present cause of action arose from Defendant's activities in Ohio. Moreover, as stated in the Findings of Fact herein, Plaintiffs have stipulated that their cause of action *"did not* arise from or out of the Defendant's doing business in the state of Ohio." (Emphasis added).

Plaintiffs have attempted to argue that the cause of action need not have arisen from Defendant's doing business in Ohio and that Defendant's activities in the state are sufficient to justify the assumption of jurisdiction over Defendant even for a cause of action arising outside Ohio. In reaching this conclusion, Plaintiff places considerable emphasis upon the holding in *Perkins v. Benguet Consolidated Mining Co.,* 342 U.S. 437, 72 S.Ct. 413, 96 L.Ed. 485 (1952). The facts in *Perkins,* however, were such that for all intents and purposes, the controlling operations of the defendant corporation had been temporarily displaced from the Philippines to Ohio because of the then ongoing World War II. The nature and extent of the corporate activities in this state were so substantial that the court found it would not offend the fundamental fairness considerations of due process to require the corporation to defend in Ohio a cause of action that arose outside the state. *Id.* at 446–448, 72 S.Ct. at 418–419. The Ohio sales activities of Defendant in the present action do not even begin to approach the level of in-state corporate activity that was before the Supreme Court in *Perkins.* Moreover, the Court notes that the Ohio long-arm statute requires that where personal jurisdiction is based solely upon the conduct of the Defendant as delineated in that statute, the cause of action *must* have arisen from that conduct. O.R.C. § 2307.382(B). Thus, to extend personal jurisdiction over Defendant BBC in the instant controversy would be to contravene the plain language of the Ohio long-arm statute.

█ The remaining arguments raised by Plaintiffs in support of their contention that this Court has personal jurisdiction over Defendant BBC are equally without merit. Plaintiffs' attempted reliance on 28 U.S.C. § 1391(a) and (c) [2] is misplaced be-

---

**2.** 28 U.S.C. § 1391(a) and (c) provides:

§ 1391. Venue generally

(a) A civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in the judicial district where all

plaintiffs or all defendants reside, or in which the claim arose.

\* \* \* \* \* \*

(c) A corporation may be sued in any judicial district in which it is incorporated or licensed to do business or is doing business, and such judicial district shall be regarded as

cause that statute concerns the separate and distinct issue of venue, and has no bearing on the preliminary question of whether this Court has jurisdiction over the subject matter and parties to a proceeding. Moreover, Plaintiffs' discussion of whether Ohio Rule of Civil Procedure 4.2(6)[3] provides for service of process over Defendant is rather beside the point in the absence of a preliminary finding that this Court may, in the first instance, exercise personal jurisdiction over Defendant BBC. *See, Wainscott v. St. Louis-San Francisco Ry. Co.*, 47 Ohio St.2d 133, 351 N.E.2d 466 at 470.

The Court concludes, therefore, that it may not extend personal jurisdiction over Defendant BBC because the cause of action has no connection with any of the business Defendant transacts in Ohio.

## III. TRANSFER OF VENUE

■ Despite the absence of personal jurisdiction over a defendant, for the convenience of the parties and witnesses, the Court may, in the interest of justice, choose not to dismiss the action, but rather, to transfer the action to a judicial district wherein personal jurisdiction over defendant is present and venue is proper.[4] *Reyno v. Piper Aircraft Co.*, 630 F.2d 149, 165 (3d Cir.1980), reversed on other grounds, 454 U.S. 235, 102 S.Ct. 252, 70 L.Ed.2d 419 (1981); *Baron & Co., Inc. v. Bank of New Jersey*, 504 F.Supp. 1199 (D.N.J.1981); *Dayton Casting Co. v. Full Mold Process, Inc.*, 404 F.Supp. 670, 673 (S.D.Ohio, 1975); *Damon Coats, Inc. v. Munsingwear*, 431 F.Supp. 1303 (E.D.Pa.1977); *Brown v.*

*Grimm*, 483 F.Supp. 40 (N.D.Ill.1979); *Wooldridge v. Beech Aircraft*, 479 F.Supp. 1041 (N.D.Mo.1979); *Shong Ching Lau v. Change*, 415 F.Supp. 627 (E.D.Pa.1976).

The Court must decide then, whether the instant action should be dismissed for lack of personal jurisdiction over Defendant BBC or whether it should be transferred to the federal district court in Knoxville, Tennessee, which court would have personal jurisdiction over BBC and in which district venue would be proper pursuant to 28 U.S.C. § 1391(a).[5]

■ It is Defendant who has suggested the alternative of transferring this action to a forum which would have personal jurisdiction over it should dismissal be deemed inappropriate. The Plaintiffs have rigidly maintained that the instant action is properly maintainable in this Court. The Court feels that the absence of personal jurisdiction over Defendant BBC in this Court was not even a close question. Plaintiffs attempted to pursue the instant action in Ohio by attempting out of state service on a foreign corporation, despite the plain language of O.R.C. § 2307.382 which requires that the cause of action arise from the Defendant's contacts with this state. Moreover, Plaintiffs have not provided the Court with any indication that they would willingly suffer the burden of litigating this matter in Tennessee were it transferred there. The Court concludes, therefore, that the record is devoid of any basis upon which the Court could justify transferring this matter as opposed to dismissing it for lack of personal jurisdiction. As in *Brown*

---

the resident of such corporation for venue purposes.

**3.** Ohio Rule of Civil Procedure 4.2(6) provides:
Rule 4.2. Process: who may be served
Service of process, except service by publication as provided in Rule 4.4(A), pursuant to Rule 4 through Rule 4.6 shall be made as follows:
\* \* \* \* \* \*
(6) Upon a corporation either domestic or foreign: by serving the agent authorized by appointment or by law to receive service of process; or by serving the corporation by certified mail at any of its usual places of

business; or by serving an officer or a managing or general agent of the corporation.

**4.** 28 U.S.C. § 1404(a) provides:
For the convenience of parties and witnesses, in the interests of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

**5.** 28 U.S.C. § 1391(a) provides:
(a) A civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in the judicial district where all plaintiffs or all defendants reside, or in which the claims arose.

*v. Grimm,* 483 F.Supp. at 43, it is clear that the applicable state's long-arm statute did not confer personal jurisdiction on this court over Defendant and the Court thus declines to exercise its discretion to transfer, as opposed to dismissing, Plaintiff's suit. This action is, therefore, dismissed for lack of personal jurisdiction. Fed.R. Civ.P. 12(b)(2).

The captioned cause is hereby ordered terminated upon the docket records of the United States District Court for the Southern District of Ohio, Western Division, at Dayton.