**Catharine C. REPP, Plaintiff,**

v.

**HOLIDAY INNS, INC., Defendant.**

No. C–3–85–246.

United States District Court, S.D. Ohio, W.D.

Dec. 9, 1985.

David C. Greer, Dayton, Ohio, for plaintiff.

D. Jeffrey Ireland, Dayton, Ohio, for defendant.

DECISION AND ENTRY OVERRULING DEFENDANT'S MOTION TO DISMISS OR, IN THE ALTERNATIVE, TO TRANSFER (DOC. # 7)

RICE, District Judge.

Plaintiff, age seventy-six, is a resident of Dayton, Ohio. While en route to Florida in March of 1984, Plaintiff stopped at a Holiday Inn in Chattanooga, Tennessee. While a paying guest of this Holiday Inn, Plaintiff slipped and fell on the premises. Plaintiff now seeks to litigate that injury pursuant to the diversity jurisdiction of this Court, Holiday Inn, Inc., being a Tennessee corporation. Defendant has filed a Motion to Dismiss or, in the Alternative, to Transfer (Doc. # 7), arguing that it is not subject to personal jurisdiction in Ohio, and, even if it is, that the instant case should be transferred to the Eastern District of Tennessee, Southern Division (Chattanooga).

The dispute in this case is whether in personam jurisdiction may be had over

Defendant based either upon the Ohio long arm statute, Ohio Rev.Code § 2307.382, or based upon Ohio's general jurisdiction over Defendant. Ohio Rev.Code § 2307.382 provides, in pertinent part, that:

[A] court may exercise personal jurisdiction over a person who acts directly or by an agent, as to a cause of action arising from the person's:

(1) transacting any business in this state;

.    .    .    .    .

(4) causing tortious injury in this state by an act or omission outside this state if he regularly does or solicits business, or engaged in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in this state;

.    .    .    .    .

(B) When jurisdiction over a person is based solely upon this section, only a cause of action arising from acts enumerated in this section may be asserted against him.

The Sixth Circuit has developed a three part test to determine whether the application of the Ohio long arm statute provides sufficient contact between a non-resident Defendant and the foreign state so as to support personal jurisdiction. That test provides:

First, the defendant must purposefully avail himself of the privilege of acting in the foreign state or causing a consequence in the foreign state. Second, the cause of action must arise from the defendant's activities there. Finally, the acts of the defendant or consequences caused by the defendant must have a substantial enough connection with the foreign state to make the exercise of jurisdiction over the defendant reasonable.

*Welsh v. Gibbs*, 631 F.2d 436, 440 (6th Cir.1980), *cert. denied*, 450 U.S. 981, 101 S.Ct. 1517, 67 L.Ed.2d 816 (1981); *In-Flight Devices Corp. v. VanDusen Air, Inc.*, 466 F.2d 220, 226 (6th Cir.1972).

Upon a challenge by Defendant, the burden shifts to Plaintiff to demonstrate the propriety of in personam jurisdiction over Defendant. If the issue is to be resolved by the Court solely on the basis of pleadings and materials attached thereto, the Plaintiff need only make a *prima facie* case of jurisdiction in order to avoid a motion to dismiss. *Welsh*, 631 F.2d at 438. If the party seeking dismissal on jurisdictional grounds submits affidavits, the non-moving party may not rest upon allegations or denials in her pleadings, but must respond, by affidavit or otherwise, by setting forth specific facts showing that the Court has jurisdiction. *Weller v. Cromwell Oil Company*, 504 F.2d 927, 929 (6th Cir.1974).

As an initial matter, the Court agrees with Defendant that, notwithstanding Plaintiff's focus upon Ohio Rule of Civil Procedure 4.3, this Court must necessarily focus upon the Ohio long arm statute in order to determine the propriety of jurisdiction herein. The Court also observes that Subparagraph (A)(1) of the long arm statute, when read in conjunction with Subparagraph (B), requires that the cause of action complained of by Plaintiff arise from the Defendant's "transacting any business in this state." *Berning v. B.B.C., Inc.*, 575 F.Supp. 1354, 1356 (S.D.Ohio 1983). This being said, the Court is of the opinion that such a relationship between Plaintiff's injury and Defendant's transaction of business in this state has been satisfied, and that Plaintiff has made out a *prima facie* case of jurisdiction.

There is little question that Defendant maintains a substantial corporate presence in the State of Ohio. The extent of this presence is documented by the annual reports attached to the affidavit of Plaintiff's counsel. (Doc. # 15, Greer affidavit, ¶ 5). There is also little question that Defendant engages in substantial advertising within Ohio in order to build its reputation to potential consumers as a reputable national hotel chain. This type of activity in Ohio leads to certain business benefits, both within the state of Ohio, and outside of it. The affidavit of Plaintiff is an indication of how successful Defendant has been in pur-

suing national business and prominence. Plaintiff is well aware of Defendant Holiday Inns, Inc., both by virtue of its substantial corporate presence in Ohio, and by virtue of advertising which it engages in in Ohio in order to persuade Ohio consumers as to the reliability and desirability of temporary stays in Defendant's hotel facilities throughout the country. (Doc. # 15, Repp affidavit, ¶ 4). Plaintiff attests that she saw, in Ohio, such commercials run by Defendant, and that she made plans to stay in a Tennessee Holiday Inn before leaving Ohio for a vacation trip to Florida. The Court finds it reasonable to accept that Defendant's presence and activity in Ohio was a competent producing cause of Plaintiff's decision to use one of Defendant's out-of-state facilities, and that, in fact, Plaintiff was engaging in the very type of conduct which Defendant's activity in Ohio sought to encourage.

Thus, even if Plaintiff's slip and fall did not literally occur in Ohio, but rather in Defendant's Chattanooga, Tennessee facility, the relationship between Defendant's activity in Ohio and the injury complained of by Plaintiff is apparent. This case is thus distinguishable from this Court's earlier decision in *Berning.* At issue in *Berning* was a breach of contract stemming from a contract which had been struck outside of Ohio and which contemplated business to be raised outside of Ohio for corporations which were not Ohio corporations. Although Defendant was found to be transacting business in Ohio by virtue of sales which it made of its products within Ohio, this Court found that "[t]he instant dispute, however, has absolutely no bearing on the activities of Defendant in [Ohio]." 575 F.Supp. at 1357. Unlike the situation in *Berning,* Defendant's activities in Ohio in the instant case do have a relationship to Plaintiff's injury outside of Ohio. Given the commercial benefits pursued by Defendant in engaging in its activities in Ohio, commercial benefits which it in fact reaped when Plaintiff specifically sought to stay in a Holiday Inn when she left Ohio, the Court finds that Defendant has a substantial enough connection with

Ohio to make the exercise of personal jurisdiction over it reasonable.

■ Turning briefly to the other bases of jurisdiction raised by Plaintiff, this Court cannot accept that Plaintiff's injury can be said to have occurred in Ohio on the basis that her damages for pain, suffering and medical expenses have occurred in Ohio. The Court passes no judgment upon Plaintiff's theory of general jurisdiction in this case, pursuant to the recent invocation of that doctrine in *Helicopteros Nacionales de Colombia, S.A. v. Hall,* 466 U.S. 408, 104 S.Ct. 1868, 80 L.Ed.2d 404 (1984), given the specific act jurisdiction available to Plaintiff under the Ohio long arm statute.

■ Having concluded that personal jurisdiction is available over Defendant, the Court also overrules that portion of Defendant's motion which seeks to transfer the instant case to the Eastern District of Tennessee, Southern Division. Plaintiff is seventy-six years old, lives here in Dayton, and is in poor health. (Doc. # 15, Repp affidavit, ¶ 2, 11). Plaintiff's witness to the accident of which she complains, as well as her medical witnesses, are located here in the Dayton area. *Id.* at ¶ s 7, 9, 10). It is certainly less inconvenient for Defendant to litigate this case in the forum of Plaintiff's choosing than for Plaintiff to pursue this action in the Eastern District of Tennessee. In short, this Court does not believe a transfer under 28 U.S.C. § 1404(a) would be in the interest of justice, and therefore declines to transfer the instant case as requested by Defendant.

In summary, Defendant's Motion to Dismiss or, in the Alternative, to Transfer is overruled in its entirety.