**Mary E. COLEMAN, Plaintiff,**

v.

**Clement CHEN, Jr., et al., Defendants.**

**No. C–3–85–490.**

United States District Court,
S.D. Ohio, W.D.

March 9, 1988.

Lee C. Falke, William Butterfield, Dayton, Ohio, for plaintiff.

Thomas P. Whelley, II, Melanie R. Mackin, Dayton, Ohio, for defendants.

DECISION AND ENTRY OVERRULING MOTION OF DEFENDANTS CLEMENT CHEN, JR. AND JUNE CHEN TO *DISMISS* FOR LACK OF PERSONAL JURISDICTION; SUSTAINING SAID DEFENDANTS' ALTERNATIVE MOTION TO *TRANSFER* VENUE TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA, LOS ANGELES, CALIFORNIA (DOC. # 16); DECISION AND ENTRY OVERRULING DEFENDANT HOLIDAY INNS, INC.'S MOTION FOR SUMMARY JUDGMENT (DOC. # 15); FURTHER BRIEFING REQUIRED OF COUNSEL ON WHETHER ACTION AGAINST DEFENDANT HOLIDAY INNS SHOULD OR SHOULD NOT BE TRANSFERRED

RICE, District Judge.

This case is before the Court on the Motion of the Defendants, Clement Chen, Jr. and June Chen, to Dismiss for lack of personal jurisdiction; or in the alternative, Motion to Transfer Venue to the United States District Court for the Central District of California, Los Angeles, California (Doc. # 16) and on the Defendant Holiday Inns, Inc.'s Motion for Summary Judgment (Doc. # 15).

## I. STATEMENT OF FACTS

Plaintiff, Mary E. Coleman, age 69, is a resident of Dayton, Ohio. In June, 1984, Plaintiff participated in a tour of the western part of the United States sponsored by the Senior Citizens Center of Dayton, Ohio (Doc. # 23, Affidavit of Mary E. Coleman, ¶¶ 2–3). On May 18, 1984, Plaintiff had attended a meeting at the Senior Citizens Center at which time the proposed itinerary for the trip and the quality of various hotels, including the Holiday Inn in Pasadena, California, were discussed (Coleman Affidavit, ¶ 9). On or about June 21, 1984, Plaintiff checked into a Holiday Inn (the Pasadena Holiday Inn) located at 303 East Cordova Street, Pasadena, California. Defendants Clement Chen, Jr. and June Chen are partners in a general partnership doing business under the business name of Pasa-

dena Hotel Development Venture. This partnership leases, operates, manages and controls the premises and building known as the Pasadena Holiday Inn. The Chens are both residents of the state of California. Defendants Clement Chen, Jr. and June Chen operate the Pasadena Holiday Inn under the terms of a franchise agreement with Defendant Holiday Inns of America, Inc. On or about June 24, 1984, while the Plaintiff was walking from the premises of the Pasadena Holiday Inn she allegedly slipped and fell in the motel's parking lot.

## II. MOTION OF DEFENDANTS CLEMENT CHEN, JR. AND JUNE CHEN TO DISMISS FOR LACK OF PERSONAL JURISDICTION; OR IN THE ALTERNATIVE, MOTION TO TRANSFER VENUE TO CENTRAL DISTRICT OF CALIFORNIA (DOC. # 16)

For the reasons briefly set forth below, the Defendants' Motion to Dismiss for Lack of Personal Jurisdiction is overruled and the Defendants' Alternative Motion to Transfer Venue to the United States District Court for the Central District of California, Los Angeles, California, is sustained.

Pursuant to Fed.R.Civ.P. 12(b)(2), the Defendants, Clement Chen, Jr. and June Chen, have moved this Court for an Order dismissing this action against said Defendants with prejudice for the reason that this Court lacks personal jurisdiction over said Defendants. Defendants assert that none of the specified conditions set forth by Ohio's long arm statute, Ohio Rev.Code Ann. § 2307.382,[1] have been met by the Plaintiff.

The key issue in this case is whether there are sufficient contacts between the State of Ohio and the Defendants to satisfy the constitutional guarantees of due process. In resolving this issue, the Court will first consider whether personal jurisdiction may be asserted over the Defendants on the basis of Ohio Rev.Code § 2307.382. It is clear that Ohio Rev.Code § 2307.382(A)(1) (transacting any business in this state) provides the only possible basis for personal jurisdiction. Defendant did not contract to supply services or goods in the state of Ohio. See Ohio Rev.Code § 2307.382(A)(2). Nor is it alleged that Defendants caused tortious injury by an act or omission in Ohio. See Ohio Rev.Code § 2307.382(A)(3). Further, it is not alleged that Defendants caused any tortious injury in Ohio. See §§ 2307.382(A)(4)–(6). Plaintiff does not allege that any criminal acts occurred in the state of Ohio. See Ohio Rev.Code § 2307.382(A)(7). Nor is it alleged that Defendants have any interest in real property in Ohio or that Defendants have contracted to insure any person, property or risk located within Ohio. See §§ 2307.382(A)(8), 2307.382(A)(9). Thus,

---

1. Ohio Rev.Code Ann. § 2307.382 (Anderson 1981) states:

(A) A court may exercise personal jurisdiction over a person who acts directly or by an agency, as to a cause of action arising from the person's:

(1) Transacting any business in this state;

(2) Contracting to supply services or goods in this state;

(3) Causing tortious injury by an act or omission in this state;

(4) Causing tortious injury in this state by an act or omission outside this state if he regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in this state;

(5) Causing injury in this state to any person by breach of warranty expressly or impliedly made in the sale of goods outside this state when he might reasonably have expected such person to use, consume, or be effected by the goods in this state, provided that he also regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in this state;

(6) Causing tortious injury in this state to any person by an act outside this state committed with the purpose of injuring persons, when he might reasonably have expected that some person would be injured thereby in this state;

(7) Causing tortious injury to any person by a criminal act, any element of which takes place in this state, which he commits or in the commission of which he is guilty of complicity.[;]

(8) Having an interest in, using, or possessing real property in this state;

(9) Contracting to insure any person, property, or risk located within this state at the time of contracting.

this Court may only exercise personal jurisdiction under Ohio's long arm statute if it is established that Defendants transacted any business in Ohio.

It is important to note that Ohio's long arm statute "requires that when jurisdiction is to be founded solely on the basis of the long-arm statute, the cause of action must arise from the business a defendant has transacted within the state." *Berning v. BBC, Inc.*, 575 F.Supp. 1354, 1357 (S.D. Ohio 1983). Plaintiff asserts that the Defendants Chen maintained a substantial business presence in Ohio as an agent of Holiday Inns and through the use of advertising, national directories, and reservation services distributed in and available to persons within the state of Ohio. Plaintiff asserts that her decision to stay at the Pasadena Holiday Inn was caused by the advertising activities of Defendants Chen and Defendant Holiday Inns in the state of Ohio and that her injury resulted from her decision to stay at the Pasadena Holiday Inn.

In asserting that Defendants' business activities provide a sufficient connection with the state of Ohio, Plaintiff places great reliance upon this Court's decision in *Repp v. Holiday Inns, Inc.*, 624 F.Supp. 851 (S.D.Ohio 1985).[2] *Repp* and the case at bar do have certain similarities. Both cases involve slip and fall accidents occurring at out of state motels. However, this Court concludes that *Repp* can be distinguished on three basic grounds. *First*, the defendant in *Repp* was Holiday Inn, Inc.,

not a mere franchisee of Holiday Inn, Inc., such as in the present litigation. *Repp*, 624 F.Supp. at 851. This Court's decision was based, at least in part, upon Holiday Inn, Inc.'s "substantial corporate presence in the State of Ohio." *Id.* at 852. The record in the case at bar indicates that the Defendants Chen—the franchisees—do not maintain a substantial corporate presence in the state of Ohio. They do not operate any motels within the state of Ohio, nor do they maintain any offices within the state of Ohio.

*Second,* the *Repp* decision was also based upon the fact that Holiday Inn, Inc., engaged in "substantial advertising within Ohio." *Id.* at 852. In the case at bar, Defendants Chen do not engage in *substantial* advertising within Ohio. The only advertising which occurs within Ohio is provided by Defendant Holiday Inns. As Defendants Chen do contribute to Defendant Holiday Inns advertising expenses,[3] it can be said that they do engage (at least indirectly) in advertising within Ohio. However, the advertising provided by Defendant Holiday Inns promotes the Holiday Inns chain as a whole and not any one unit. The Pasadena Holiday Inn is included in the Holiday Inn Directory and reservations may be obtained through a worldwide telephone reservation number[4] included in the Dayton telephone directory, but no other type of advertising within Ohio directly identifies the Pasadena Holiday Inn. Further, only a fraction of Defendant Holiday Inn's advertising expenses can be apportioned to advertising within Ohio *and* only

**2.** The Court finds the reliance which Plaintiff places upon the *Repp* decision to be misplaced. The *Repp* decision simply did not deal with personal jurisdiction over a corporate franchisee—without *Repp*, Plaintiff's argument is reduced to saying that if an agency relationship—actual or apparent—exists between a franchisor and franchisee and if jurisdiction exists over the franchisor, then there is personal jurisdiction over the franchisee.

**3.** Under the terms of the License Agreement between Defendant Holiday Inns and the Pasadena Hotel Development Venture, the Pasadena Holiday Inn is required to pay to Defendant Holiday Inns "eight cents (8¢) U.S. currency per room per night, or one percent (1%) of gross rooms revenue, whichever is greater ... as a

payment upon national and/or international advertising expenses...." (Doc. # 15, Exhibit A). Only a small fraction of this amount could be said to be apportioned to the Ohio market.

**4.** The mere fact that the Pasadena Holiday Inn may derive some revenue from reservations made by Ohio residents is not, in and of itself, sufficient to support jurisdiction. "[F]inancial benefits accruing to the defendant from a collateral relation to the forum State will not support jurisdiction if they do not stem from a constitutionally cognizable contact with that state." *World–Wide Volkswagen Corp. v. Woodson,* 444 U.S. 286, 299, 100 S.Ct. 559, 568, 62 L.Ed.2d 490 (1980). The worldwide reservation number simply provides too tenuous connection with the state of Ohio.

a small fraction of that fraction can be apportioned to the Pasadena Holiday Inn. Based upon the foregoing, this Court simply cannot conclude that Defendants Chen engaged in substantial advertising within Ohio.

*Finally*, this Court based its decision in *Repp* upon the fact that "Defendant's presence and activity in Ohio was a competent producing cause of Plaintiff's decision to use one of Defendant's out of state facilities, and that in fact, Plaintiff was engaging in the very type of conduct which Defendant's activity in Ohio sought to encourage." *Id.* at 853. Once again, the case at bar may be distinguished on the ground that the Defendants Chen are mere franchisees. Plaintiff's decision to use the Pasadena Holiday Inn may well have been influenced by advertising promoting the Holiday Inns chain. However, as previously noted, such advertising is provided by Defendant Holiday Inns, *not* Defendants Chen. It is true that a minute portion of Defendant Holiday Inns Ohio advertising expenses are paid by Defendants Chen, but the Court simply cannot conclude that the limited activities of Defendants Chen impacted upon Plaintiff's decision to use the Pasadena Holiday Inn. With or without the Chens' contribution to expenses, Defendant Holiday Inns would be advertising in Ohio. Further, Plaintiff acknowledges that her decision was based in part upon pleasant stays at other Holiday Inns (Coleman Affidavit, ¶ 9). The Chens' minimal activities within Ohio simply were not a competent producing cause of Plaintiff's decision to stay at the Pasadena Holiday Inn. Based upon the foregoing, the Court concludes that the case at bar can be distinguished from *Repp*.

■ In essence, Plaintiff argues that this case should go a step beyond the *Repp* decision. Plaintiff argues that the Court's jurisdiction over Defendant Holiday Inns, the franchisor, should somehow be carried over to Defendants Chen, the franchisees. Plaintiff asserts both that the franchisee is the agent of the franchisor and that the franchisor is the agent of the franchisee.

This Court finds Plaintiff's argument to be without merit for the following reasons.

*First*, even assuming *arguendo* that Defendants Chen are the agents of Defendant Holiday Inn, the principal/agent relationship between said Defendants does not, in and of itself, enable this Court to exercise jurisdiction over the Chens. "An agent is generally not held subject to jurisdiction by virtue of the Court's jurisdiction over the principal, because the agent has, by definition, no control over the acts of the principal." *Generali v. Terranova*, No. 83 Civ. 1490, slip op., 1986 WL 12524 (S.D.N.Y. Oct. 27, 1986) (LEXIS, Genfed library, Courts file). *See generally Williams v. General Motors Corp.*, 573 F.Supp. 577, 579 (E.D. Ark.1983). Before jurisdiction may be exercised over a particular defendant "there [must] be some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State...." *Hanson v. Denckla*, 357 U.S. 235, 253, 78 S.Ct. 1228, 1239, 2 L.Ed.2d 1283 (1958). As an agent lacks control over the acts of its principal, an agent cannot be said to have "purposefully availed itself of the privilege of conducting activities" as a result of the acts of its principal. *See Birmingham Fire Insurance Co. v. KOA Fire & Marine Insurance Co.*, 572 F.Supp. 962, 967 (S.D.N.Y. 1983). Thus, this Court concludes that jurisdiction may not be exercised over Defendants Chen based upon their alleged status as agents.

*Second*, with reference to Plaintiff's contention that the franchisor is the agent of the franchisee, by Plaintiff's own admission, there is simply *no* authority to the effect that jurisdiction over the franchisor provides jurisdiction over the franchisee. (Transcript of Proceedings, Aug. 5, 1987, at 7). *See also Asbury v. Keehn*, No. 85 C 4376, slip op., 1985 WL 4858 (N.D. Ill. Dec. 6, 1985) (LEXIS, Genfed library, Courts file). As a result, Plaintiff bases her argument upon the idea that the franchisor, Defendant Holiday Inns, was acting as the agent of Defendants Chen in advertising within Ohio. This argument is flawed in that there is absolutely no evidence that Defendants Chen exerted *any* control

whatsoever over the advertising activities of Defendant Holiday Inns. *Compare Wright v. American Standard, Inc.*, 637 F.Supp. 241, 243 (E.D.Pa.1985) (As plaintiff failed to establish that the franchisor acted under the control of the franchisee, no agency relationship was established.). "It is well settled that the right to control the agent is fundamental to the existence of the agency relationship." *National Labor Relations Bd. v. Local No. 64, Falls Cities Dist. Council of Carpenters*, 497 F.2d 1335, 1336 (6th Cir.1974). The only evidence on the record which relates to control is evidence which indicates that Defendant Holiday Inns exerts control over Defendants Chen. There is no evidence that Defendants Chen control the time, place, or manner of Defendant Holiday Inns' solicitation. Thus, no jurisdiction can be based upon the franchisor's being an agent of the franchisee. Accordingly, this Court concludes that jurisdiction may not be exercised over Defendants Chen based upon their status as franchisees.

■ As previously noted, this Court cannot conclude that the Defendants Chen engaged in substantial advertising within the state of Ohio. However, even if the Court had concluded that the Defendants Chen engaged in substantial advertising (or for that matter that *all* of Defendant Holiday Inns advertising could be imputed to the Chens), the Court would still have been forced to conclude that such activity is not sufficient to meet the requirement of the long arm statute that the Plaintiff's injury arise out of the Defendants' transaction of business within Ohio. There are two basic problems with regard to basing jurisdiction upon advertising. First, the Ohio courts have been hesitant to base jurisdiction upon mere solicitation. *See Wainscott v. St. Louis–San Francisco Ry. Co.*, 47 Ohio St.2d 133, 351 N.E.2d 466 (1976); *Gelfand v. Costa Cruises*, No. 52411, slip op., 1987 WL 5467 (Ohio Ct.App. Jan. 15, 1987) (LEXIS, States library, Ohio file). Mere solicitation is not sufficient to constitute "transacting any business" as required by Ohio Rev.Code § 2307.382(A)(1). *Gelfand v. Costa Cruises*, No. 52411, slip op., 1987 WL 5467 (Ohio Ct. App. Jan. 15, 1987)

(LEXIS, States library, Ohio file). Second, it cannot be said that Plaintiff's personal injury action arose from any solicitation by Defendants Chen. The circumstances which may have caused her injury are unrelated to the solicitation. Plaintiff's injury did not arise from Defendant Chens' advertising, but (allegedly) from the condition of the Pasadena Holiday Inn's parking lot. Both the First and Eighth Circuits have considered the question of whether personal injury actions can arise from the mere solicitation of business. Both circuits concluded that "[t]his connection is too tenuous." *See Pearrow v. National Life and Accident Ins. Co.*, 703 F.2d 1067, 1069 (8th Cir.1983) ("Pearrows's cause of action is for negligence, and it cannot be said that the negligence 'arose out of' the solicitation in Arkansas."); *Marino v. Hyatt Corp.*, 793 F.2d 427, 431 (1st Cir.1986) ("We conclude that it would be a case of the tail wagging the dog to hold that plaintiffs' claims for personal injuries suffered in a Hawaii hotel 'aris[e] from' their alleged Massachusetts contract with Hyatt making a hotel reservation."). This Court is in agreement with the holding of the First and Eighth Circuits and thus concludes that Plaintiff has failed to meet the requirements of Ohio's long arm statute.

■ Plaintiff further asserts that Ohio has *general* jurisdiction over Defendants Clement Chen, Jr. and June Chen even if the requirements of Ohio's long arm statute are not met. Plaintiff bases this assertion on the United States Supreme Court's ruling that "even when the cause of action does not arise out of or relate to the foreign corporation's activities in the forum State, due process is not offended by a State's subjecting the corporation to its *in personam* jurisdiction when there are sufficient contacts between the State and the foreign corporation." *See Helicopteros Nacionales De Columbia v. Hall*, 466 U.S. 408, 414, 104 S.Ct. 1868, 1872, 80 L.Ed.2d 404 (1984). While a state may open its courts to such a case, it is by no means compelled to do so. *Perkins v. Benguet Consolidated Mining Co.*, 342 U.S. 437, 440, 72 S.Ct. 413, 415, 96 L.Ed. 485 (1952).

Thus, the state of Ohio has the right to limit its jurisdiction to causes of action arising within Ohio. The Ohio legislature has chosen to do so through the enactment of Ohio Rev.Code §§ 2307.382–2307.385. "The exercise of long-arm jurisdiction in Ohio depends not only upon the non-resident having sufficient minimum contacts with Ohio to satisfy due process, but also upon the fulfillment of one of the specified circumstances found in Civ.R. 4.3(A) and R.C. 2307.382(A)." *Ohio State Tie & Timber, Inc. v. Paris Lumber Co.*, 8 Ohio App.3d 236, 456 N.E.2d 1309, 1310–11 (1982). This Court concludes that while it is certainly within the power of the State of Ohio to exercise jurisdiction over causes of action not arising within the state, the state of Ohio has chosen not to do so. As a result, Plaintiff's argument that this Court may exercise general jurisdiction is without merit. This Court therefore concludes that it does not have personal jurisdiction over Defendants Clement Chen, Jr. and June Chen.

█ Despite this lack of personal jurisdiction, the Court finds that it is not in the best interest of justice to dismiss this action. This Court concludes that the better course of action would be to transfer this action as it relates to Defendants Clement Chen, Jr. and June Chen pursuant to 28 U.S.C. § 1406(a),[5] which states that "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." "The law in this Circuit ... is that § 1406(a) provides the basis for any transfer made for the purpose of avoiding an obstacle to adjudication on the merits in the district court where the action was originally brought. That defect may be either improper venue or lack of personal jurisdiction." *Martin v. Stokes*, 623 F.2d 469, 474 (6th Cir.1980). This case presented a close call with respect to personal jurisdiction. Plaintiff should not be

punished for her understandable error in filing in this district. Accordingly, as this Court finds that transfer is in the interest of justice, it is hereby ordered that Plaintiff's cause of action against Defendants Clement Chen, Jr. and June Chen be transferred to the United States District Court for the Central District of California.

Because Plaintiff's claim against Defendant Holiday Inns is so intimately connected with Plaintiff's claim against Defendant Chens, this Court will consider *sua sponte* transfer of Plaintiff's claim against Defendant Holiday Inns to the United States District Court for the Central District of California (as opposed to severing, in effect, the Plaintiff's claims against the Chens on the one hand and against Holiday Inns on the other). *See generally Nation v. United States*, 512 F.Supp. 121, 127 (S.D. Ohio 1981); 15 C. Wright, A. Miller & E. Cooper, *Federal Practice and Procedure*, § 3844 (1976). Accordingly, the Court hereby orders that within twenty days of the filing of this decision, Plaintiff and Defendant Holiday Inns submit memoranda to this Court showing just cause as to why the action against Defendant Holiday Inns should or should not be transferred.

### III. DEFENDANT HOLIDAY INNS, INC'S MOTION FOR SUMMARY JUDGMENT (DOC. # 15)

█ Defendant Holiday Inns, Inc.'s Motion for Summary Judgment requires this Court to determine whether there are genuine issues of fact concerning the existence of an express and/or apparent agency relationship between Defendant Holiday Inns, Inc. and Defendants Clement Chen, Jr. and June Chen (Pasadena Hotel Development Venture). Plaintiff asserts that Pasadena Hotel Development Venture was an agent of Defendant Holiday Inns, Inc. Plaintiff further asserts that even if the Development Venture was not acting as an agent for Defendant Holiday Inns, liability can be asserted against Holiday Inns under the doctrine of apparent agency or agency by

---

**5.** Defendants moved, as an alternative to dismissal, for transfer under 28 U.S.C. § 1404(a). However, as the Court lacks personal jurisdiction over the Defendants, § 1404(a) may not be utilized. *See Martin v. Stokes*, 623 F.2d 469, 474 (6th Cir.1980) ("[T]he application of § 1404(a) [is limited] to the transfer of actions commenced in a district court where both personal jurisdiction and venue are proper.").

estoppel.[6] Defendant Holiday Inns denies the existence of any express agency relationship and denies that Plaintiff placed any reliance upon the belief that Pasadena Hotel Development Venture was acting as agent on behalf of Holiday Inns, Inc.

"[T]he existence of a franchisor-franchisee relationship between persons does not in itself preclude the existence of a principal-agent relationship between them." *Taylor v. Checkrite, Ltd.*, 627 F.Supp. 415, 416 (S.D. Ohio 1986). In determining whether a principal-agent relationship exists between Defendant Holiday Inns and Defendants Chen, this Court must consider the same factors that it would consider in the absence of a franchisor-franchisee relationship. *Id.*

Under Ohio law, "[t]he determinative factor in deciding whether an agency relationship exists between a franchisor and a franchisee is the degree of control the franchisor has over the operations of the franchisee's business." *See Puente v. Frisch's Restaurants, Inc.*, No. 86–134 slip op., 1986 WL 14372 (Ohio Ct. App. December 12, 1986). This Court concludes that there are genuine issues of fact concerning the degree of control exerted by Defendant Holiday Inns over the Pasadena Hotel Development venture. The license agreement between Holiday Inns, Inc. and Pasadena Hotel Development Venture, Holiday Inns' rules of operation, and Holiday Inns' periodic inspections and evaluations, all indicate that Defendant Holiday Inns, Inc. exerted at least some degree of control over the Pasadena Hotel Development venture. Whether the degree of control exerted is sufficient to establish an agency relationship is a question fact for the jury.

This Court also concludes that there are genuine issues of material fact concerning Pasadena Hotel Development Venture's apparent agency *vis a vis* Holiday Inn. "Under Ohio law, '[i]n order to establish ... [apparent] agency, it must be shown that the principal held the agent out to the public as possessing sufficient authority to act on his behalf and that the person dealing with the agent knew these facts and, acting in good faith, had reason to believe the agent possessed the necessary authority.' " *Broock*, 654 F.Supp. at 10 (*quoting Irving Leasing Corp. v. M & H Tire Co.*, 16 Ohio App. 3d 191, 195, 475 N.E.2d 127, 132 (1984)). This Court finds that "[a] jury could ... reasonably conclude that the license agreement required the ... facility to be of such an appearance that travelers would believe that it was owned by Holiday Inns, Inc." *See Wood v. Holiday Inns, Inc.*, 508 F.2d 167, 176 (5th Cir.1975). Further, Plaintiff has indicated that she was unaware that any of Holiday Inns, Inc.'s individual outlets were owned by private companies. Plaintiff asserts that based upon the content of Holiday Inn's television commercials, she had reason to believe that the Pasadena Holiday Inn was operated by Defendant Holiday Inns, Inc.

Accordingly, as there exist genuine issues of material fact as to whether an express agency relationship and/or an apparent agency relationship exists between Defendant Holiday Inns, Inc. and Defendants Clement Chen, Jr. and June Chen, the Defendant's Motion for Summary Judgment must be overruled in its entirety.

---

**6.** "[U]nder Ohio law a franchisor may be vicariously liable for a franchisee's tortious conduct under a theory of apparent agency or agency by estoppel...." *Broock v. Nutri/System, Inc.*, 654 F.Supp. 7, 10 (S.D. Ohio 1986). "The doctrine of apparent agency applies under Ohio law when the apparent agent has been permitted use [of] the principal's business or trade name...." *Id.*