GRIFFITH, APPELLEE, *v.* RUTLEDGE, APPELLANT.[*]

(No. 2501—Decided July 16, 1959.)

*Messrs. Jacobson, Durst, Pollak & Jacobson,* for appellee.
*Messrs. Altick & McDaniel,* for appellant.

[*]Motion to certify the record overruled, December 9, 1959. For other reports in this litigation, see, 74 Ohio Law Abs., 567, motion to certify the record overruled, May 2, 1956; and 107 Ohio App., 356, motion to certify the record overruled, May 14, 1958.

CRAWFORD, J. Defendant, appellant herein, appeals on questions of law a judgment for $50,000 awarded to plaintiff, appellee herein, upon a special verdict.

The action was brought by plaintiff, appellee herein, William Roger Griffith, for personal injuries suffered in a collision between his 1939 Chevrolet sedan and defendant Clarence Rutledge's Oldsmobile sedan, which occurred on Airway Road August 24, 1953.

The action was begun on December 2, 1953, the special verdict returned September 26, 1958, and judgment entered thereon November 5, 1958. Hence, the earlier provisions of Section 2315.14, Revised Code, entitled "Special Verdict" were applicable.

The jury returned the following special verdict (omitting procedural directions to jury):

"We, the jury, being first duly empaneled and sworn, upon the concurrence of the undersigned jurors, being not less than nine jurors, do find and return this special verdict upon the issues in this case:

"On August 24, 1953, at about 1:15 o'clock a. m., a collision occurred between a 1939 Chevrolet automobile operated by William Roger Griffith and a 1953 Oldsmobile owned and occupied by Clarence Rutledge on Airway Road in Madriver Township, Montgomery County, Ohio, east of the intersection of Eubanks Avenue with said Airway Road and west of the intersection of Meyer Avenue with said Airway Road. Airway Road runs east and west at the scene of the collision and consists of 2 eastbound lanes and 2 westbound lanes for automobile travel.

"1. Was Clarence Rutledge operating the Oldsmobile at the time of the collision? Answer: 'No.'

"2. * * * Was the Oldsmobile of Clarence Rutledge driven by Zelma Shropshire at the time of the collision? Answer: 'Yes.'

"3. * * * Did Clarence Rutledge control Zelma Shropshire in her operation of the Oldsmobile at the time of the collision? Answer: 'No.'

"4. Was the Oldsmobile being driven in a westbound traffic lane of Airway Road at the instant of the collision? Answer: 'No.'

"5. Was the rate of speed of the Oldsmobile greater than was reasonable and proper, having due regard to the traffic, surface, and width of the road, and any other conditions existing at the time and place, when the collision occurred? Answer: 'Yes.'

"6. * * * Was the rate of speed of the Oldsmobile a direct and proximate cause of the collision? Answer: 'Yes.'

"7. Was the point of impact between the Oldsmobile and the Chevrolet to the north or to the south of the center line of Airway Road? Answer: To the 'south' of the center line.

"8. Was William Roger Griffith driving his Chevrolet along the south side of Airway Road in an eastbound traffic lane at the time the collision occurred? Answer: 'Yes.'

"9. Did the Oldsmobile go out of control before the collision occurred? Answer: 'Yes.'

"10. * * * Was such loss of control a direct and proximate cause of the collision? Answer: 'Yes.'

"11. Did the driver of the Oldsmobile drive it partially or wholly upon the south half of Airway Road and across the center line of Airway Road, in the lane for eastbound traffic, so as to directly and proximately cause the collision? Answer: 'Yes.'

"12. Did William Roger Griffith drive his Chevrolet from a point of [sic] of the north side of Airway Road into the westbound traffic lanes of said road into the path of the Oldsmobile? Answer: 'No.' "

Interrogatories 13, 14 and 15 were dispensed with by negative answer to No. 12.

"16. What amount of money will fairly and reasonably compensate William Roger Griffith for the injuries and damages sustained by him as a result of the collision? Answer: $50,000.00.''

There are two assignments of error: 1. Overruling motion of defendant for judgment in his favor, and 2. Sustaining motion of plaintiff for judgment in his favor.

The single question presented is whether the defendant is liable for the negligence of Zelma Shropshire. In contending that he is not liable he emphasizes the answer to Interrogatory No. 3, finding that he did not control Zelma Shropshire in her operation of the Oldsmobile at the time of the collision.

Plaintiff contends on the other hand that defendant is responsible under the doctrine of *respondeat superior* because Zelma Shropshire was acting as his agent in operating his Oldsmobile in which he was an occupant at the time of the collision. Plaintiff's counsel argues that the existence of the relationship of principal and agent depends, not upon actual exercise of control at the moment, but upon the right of control.

With this test of agency we are disposed to agree. The exercise of control contended for by defendant would *limit* an agent's authority to acts performed in the presence of the principal.

In the case of *Ross* v. *Burgan*, 163 Ohio St., 211, 126 N. E. (2d), 592, 50 A. L. R. (2d), 1275, relied on by plaintiff, the Supreme Court said at page 219: "Of course, the test as to whether a person is the agent of another is the *right of control* of the one over the other."

"If the act of the agent is authorized by the principal, it is not in all cases essential to liability that the principal should have had control of the conduct of the agent." 2 American Jurisprudence, 271, Agency, Section 348.

Were one to weigh minutely the fine shades of meaning in Interrogatories 3 and 9 it might conceivably be argued that, regardless of the legal relationship, it was a physical impossibility for anyone to control Zelma Shropshire in her operation of the Oldsmobile at the time of the collision, because at that point the Oldsmobile had already gone "out of control"; hence it might be urged that the answer to Interrogatory 3 has little or no significance in the light of the answer to Interrogatory 9. However, assuming for the purpose of our analysis that the term, "at the time of the collision," in Interrogatory No. 3 refers broadly to the occasion of the collision, we are of opinion that the right of control rather than the actual exercise of the right determines agency and responsibility.

We proceed therefore to the question whether defendant had the right of control. The amended answer admits that he was the owner of the Oldsmobile. The special verdict finds this and the further fact that he was occupying it. These two facts raise a rebuttable presumption of agency.

"1. Where the owner of a motor vehicle being driven by

another is an occupant thereof, a rebuttable presumption or inference arises that the owner has control over it and that the driver is acting as his agent in operating the vehicle." *Ross* v. *Burgan, supra* (163 Ohio St., 211), the first paragraph of the syllabus.

The question arises, therefore, whether the court may indulge that presumption, or whether only the jury may do so. Defendant argues that this is within the exclusive province of the jury, being a presumption of fact. And we are aware of the view sometimes taken that agency is a question of fact.

The baffling confusion which arises from a divergence of views as to what is a presumption of law and what a presumption of fact prompted the author, in 21 Ohio Jurisprudence (2d), at page 111, Evidence, Section 104, to make this observation:

"In view, however, of the impracticability of drawing any rule or well-defined distinction between presumptions of law and presumptions of fact, conceding that such distinction does exist, it has been determined that for the purposes of this article no such distinction shall be attempted. Moreover, it has been said that the old classification of presumptions of law and presumptions of fact is obsolete."

But in addressing ourselves to the particular question at hand, whether the court may, from the facts contained in the special verdict, conclude that defendant and Zelma Shropshire sustained the relationship of principal and agent, we find two important guides which justify the action of the trial court in so doing.

The first of these is the recognition that certain questions are mixed questions of law and fact, some of which are customarily resolved by the court and some by the jury.

The question of negligence, for example, has frequently been held to be a mixed question of law and fact, ordinarily to be determined by the court. 53 American Jurisprudence, 756, Trial, Section 1091.

The question of agency, likewise, is sometimes considered to involve a mixture of law and fact, to be determined by the court. 3 Corpus Juris Secundum, 327, Agency, Section 330.

A further guide in the present problem is the principle that courts will determine questions, be they strictly questions

of fact or of law or both, the answers to which depend upon facts which have been firmly established and which point to but one conclusion. It is frequently said that such a situation presents a question of law for the decision of the court.

"Although it is the right of the party to have the weight and sufficiency of his evidence passed upon by the jury, if he has given no evidence to establish a fact, without which the law does not permit a recovery, and no reasonable inference can be drawn from facts, supported by evidence, which would tend to prove such element, or if the facts attending any issue in an action are admitted, or the evidence in respect thereto is not in conflict, and the inferences to be drawn from circumstances are reasonably clear and natural, or fairly inferable and can lead to but one conclusion, the question is one of law and it is the duty of the court to declare the law applicable to such facts, and to charge the jury the result that must follow an application of the law to the facts so established. Thus, if undisputed evidence shows bailment as matter of law, the court should not submit that issue to the jury. Similarly, in an action for conversion, where the defendant is admittedly the user, it is for the court to say where the acts constituted conversion." 39 Ohio Jurisprudence, 741, Trial, Section 146.

The compelling facts which will justify the court in such a decision may be established in various ways. Here the fact of ownership of the Oldsmobile by defendant is established by admission in the pleadings and also by the finding of the jury; and the jury found the further fact that the defendant was occupying his Oldsmobile on the occasion of the collision. This being true, it is within the province of the court to indulge the presumption of agency set forth in *Ross* v. *Burgan, supra.*

"* * * If the presumption is a rebuttable one, it is, generally speaking, the province of the jury to determine whether such presumption has been rebutted by the countervailing proof. However, if but one reasonable deduction can be made from the facts, then it becomes the duty of the court so to declare." 39 Ohio Jurisprudence, 743, Trial, Section 148.

"* * * if the ultimate facts are such that only one inference may be drawn from them, the conclusion being so self-evident that no one would question it, the jury need not find the infer-

ential fact also, and the court will determine as a matter of law, from the facts found, whether such ultimate facts existed or not." 53 American Jurisprudence, 756, Trial, Section 1090.

And a fact thus presumed or inferred by the court may be relied upon as being fully established.

"Facts presumed are as effectually established as facts proved, so long as the presumption remains unrebutted." *Lessee of Coombs and Ewing* v. *Lane*, 4 Ohio St., 112.

With respect to our specific question, "when the facts relative to an issue of relationship of agency are undisputed, the issue is one of law for the determination of the court * * *." 2 Ohio Jurisprudence (2d), 290; Agency, Section 206.

"* * * When facts relied upon to establish the existence of an agency are undisputed, and conflicting inferences cannot be drawn therefrom, the question of the existence of the agency is one of law and should be determined by the court." 2 American Jurisprudence, 359, Agency, Section 454.

Therefore, the ownership and occupancy of the Oldsmobile by the defendant justify the conclusion that he is liable for the negligence of Zelma Shropshire as his agent, and he must respond in damages for the consequent injuries sustained by plaintiff.

The judgment is affirmed.

*Judgment affirmed.*

WISEMAN, P. J., and KERNS, J., concur.