Robert **BROOCK,**
**Administrator, Plaintiff,**

v.

**NUTRI/SYSTEM, INC., et al.,**
**Defendants.**

**No. C–3–84–941.**

United States District Court,
S.D. Ohio, W.D.

Aug. 15, 1986.

William C. Knapp, Margaret Sandvig Dobrozsi, Cincinnati, Ohio, for plaintiff.

David E. Beitzel, Dayton, Ohio, for defendant Thin, Inc.

Stephen V. Freeze, Dayton, Ohio, for defendant Nutri/System.

DECISION AND ENTRY OVERRULING DEFENDANT NUTRI/SYSTEM'S MOTION FOR SUMMARY JUDGMENT (DOC. # 14)

RICE, District Judge.

This case is before the Court on Defendant Nutri/System's Motion for Summary Judgment (Doc. # 14), which argues that it cannot be liable to the Plaintiff because, as a matter of law, its franchisee, Defendant Thin, Inc., was not its agent. For the reasons set forth below, the Court finds that no actual agency relationship existed between Thin, Inc. and Nutri/System at the time of Sharon Broock's death, but that genuine issues of material fact exist as to whether there was an apparent agency or

agency by estoppel relationship between these two parties.[1] Accordingly, Defendant Nutri/System's Motion for Summary Judgment is overruled.

This case arose out of the death of Sharon Broock on April 30, 1983. While the cause of Mrs. Broock's death is a central issue in dispute in this litigation, it appears uncontroverted that at the time of her death, Mrs. Broock was participating in a diet program at the Nutri/System franchise in Springfield, Ohio, owned by Thin, Inc. Plaintiff alleges that the franchisor-franchisee relationship between Nutri/System and Thin, Inc. makes Thin, Inc. Nutri/System's agent. Alternatively, Plaintiff argues that Nutri/System held out the Thin, Inc. franchise as its agent, that Mrs. Broock relied upon those representations in joining and participating in the diet program at that franchise, and accordingly, that an apparent agency or agency by estoppel relationship existed between Thin, Inc. and Nutri/System such as to make Nutri/System potentially liable for Mrs. Broock's death.

Before examining the viability of Plaintiff's actual and apparent agency theories, the Court must review the standards to be applied in considering a motion for summary judgment. In reviewing a motion for summary judgment, "the evidence must be viewed in a light most favorable to the party opposing the motion. That party must be given the benefit of all reasonable inferences.... However, when a motion for summary judgment is made and supported, the opposing party may not rest on its pleadings, but must present sufficient evidence supporting its claims to demonstrate that there is a genuine issue of material fact." *Bouldis v. U.S. Suzuki Motors,* 711 F.2d 1319, 1324 (6th Cir.1983); *see also*

*Celotex Corp. v. Catrett,* —— U.S. ——, 106 S.Ct. 2548, 2554, 91 L.Ed.2d 265 (1986) (quoting *Anderson v. Liberty Lobby,* —— U.S. ——, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986)) ("[T]h[e] standard [for granting summary judgment] mirrors the standard for a directed verdict under Federal Rule of Civil Procedure 50(a)....").[2] Thus, the Court in reviewing Defendant's Motion for Summary Judgment will draw every reasonable inference possible in favor of the Plaintiff from the allegations presented and supported by the record, but will not go beyond Plaintiff's allegations to find a basis for his claims. The Court also notes that, under Fed.R.Civ.P. 56(d), if a movant's entire motion for summary judgment cannot be granted, the court must "if practicable ascertain what material facts exist without substantial controversy and what material facts are actually and in good faith controverted."

### A. *Actual Agency*

Under Ohio law, a central factor in determining the existence of an agency relationship is a right of control vested in the principal. *See Griffin v. Rutledge,* 110 Ohio App. 301, 304, 169 N.E.2d 464 (1960); *Taylor v. Checkrite,* 627 F.Supp. 415, 416–17 (S.D.Ohio 1986); *Priess v. Fisherfolk,* 535 F.Supp. 1271, 1279 (S.D.Ohio 1982) ("The most important element in determining whether an agency exists is the presence of some control over the conduct of the agent."). The presence of a franchisor-franchisee relationship does not in itself preclude the possibility of a principal-agent relationship existing. *Taylor,* 627 F.Supp. at 416; *Arnson v. General Motors Corp.,* 377 F.Supp. 209, 212–14 (N.D.Ohio 1974); Note, *Theories of Liability for Retail Franchisors: A Theme and Four Variations,* 39 Md.L.Rev. 264, 267 (1979) ("Be-

---

**1.** Plaintiff's Motion to Amend Complaint (Doc. #45) alleges a third basis for liability—negligent entrustment of the franchise to Thin, Inc. by Nutri/System. Because the parties have not addressed negligent entrustment as a basis for Nutri/System's liability in their memoranda concerning this Motion for Summary Judgment, this basis for liability will not be discussed in this decision.

**2.** In this case, the moving party, Nutri/System, has supported its Motion with materials in the record, and so the Court need not consider the problem raised in *Celotex (i.e.,* the opposing party's burden of proof when a motion for summary judgment merely alleges, without putting proof into the record, that no genuine issue of material fact exists).

cause a franchise is something of a hybrid business form, resembling both an association of independent businessmen and a company-owned chain, the primary problem in ascertaining franchisor liability for the acts of its franchisee has been [that of] fitting the franchisor-franchisee relationship into one of the two traditional catagories of agency law, principal-independent contractor or master-servant." (footnotes omitted)) [hereinafter cited as *Theories of Liability*]. In this case, it is uncontroverted that Thin, Inc. was a franchisee of Nutri/System. The Court must determine, for purposes of finding whether actual agency exists, whether through this franchisor/franchisee relationship Nutri/System held a right of control over Thin, Inc.

In arguing that a genuine issue exists as to whether Nutri/System held a right of control over Thin, Inc., Plaintiff has extensively outlined its allegations regarding the relationship between these two Defendants. *See* Plaintiff's Response to Defendant Nutri/System, Inc.'s Motion for Summary Judgment 1–5 [hereinafter cited as Memo Contra]. Upon review of these allegations, the Court finds that only four of those allegations could conceivably support a finding of a right of control over Thin, Inc. vested in Nutri/System and hence a finding of agency:

    (1) that Nutri/System had a right of approval over the site selected for the Thin, Inc. franchise;

    (2) that Nutri/System set the pay scale for Thin, Inc.'s employees;

    (3) that Nutri/System placed the advertising for employment at Thin, Inc.; and

    (4) that Thin, Inc. could sell only Nutri/System products at the diet center.

The other allegations made by Plaintiff simply are not probative of Nutri/System's alleged right of control over Thin, Inc. For example, Plaintiff alleges that "Nutri System had the right to spot check the center, the books and charts kept there [and] at times Nutri System even recommended changes in personnel based upon observations of a representative from the 'parent company'." Memo Contra at 3 (citations omitted). This allegation, while indicating that Thin, Inc.'s management relied heavily on Nutri/System's advice, does not indicate that Nutri/System had any right to compel Thin, Inc. to act in accordance with its advice. Only the four allegations set forth above, even drawing all reasonable inferences in favor of the Plaintiff, could indicate any right of Nutri/System to control Thin, Inc.'s business operations.

■ Moreover, on review of the record underlying the four allegations that on their face might raise a genuine question on the issue of right of control, the Court concludes that no such genuine issue exists. The Court first notes that Nutri/System's right of approval over any site selected for the Nutri/System franchise of Thin, Inc. was a one-time veto power not a continuing right to control or move the franchise location. *See* Franchise Agreement ¶ 3 (Exh. A. to Defendant Nutri/System's Motion for Summary Judgment). Thus, the Court finds that the right of approval over site location held by Nutri/System is not the sort of right that indicates a right of continuing control for agency purposes.

■ Further, the Court finds that the record does not support Plaintiff's allegations that Nutri/System set the wage scales or placed employment advertisements for Thin, Inc. The uncontroverted testimony of the owners of the Thin, Inc. indicates only that Nutri/System's pay scales were "suggestions" or "recommendations." *See* Deposition of Charles Hill at 54; Deposition of Charles Lengel at 27, § 29. The advertising for employees was written by Nutri/System, but placed by Charles Lengel, co-owner of Thin, Inc. *See* Lengel deposition at 24. Thus, the record fails to show that Nutri/System either controlled pay scales or placed employment advertising, and, therefore, neither of these allegations creates a genuine issue as to Nutri/System's right of control over the Thin, Inc. franchise.

■ Finally, Plaintiff alleges that Thin, Inc. was only permitted to sell Nutri/System products, and, therefore, Nutri/System had a right of control over Thin, Inc.'s actual management of the diet center. This allegation is adequately supported by the record. *See* Franchise Agreement ¶ 7(h) (Exh. A to Defendant Nutri/System's Motion for Summary Judgment); Lengel deposition at 13–14; Hill deposition at 20. The right to require that all products be purchased from the franchisor, *however, in itself* does not indicate that a right of control over the franchisee vested in the franchisor. *See Arnson*, 377 F.Supp. at 213–14 (automobile dealer not an agent of General Motors despite apparent exclusive sale of General Motor's products).

In sum, the Court finds that the allegations of Plaintiff that are supported by the record (*i.e.*, that Nutri/System had a right of approval over the franchise site and that Thin, Inc. could sell only Nutri/System products) do not raise a genuine question on the issue of right of control. Accordingly, the Court must conclude as a matter of law that no *actual* agency relationship existed between Nutri/System and Thin, Inc.

### B. *Apparent Agency.*

Having found that no actual agency relationship existed between Nutri/System and Thin, Inc., the Court must now determine whether a genuine issue exists as to Nutri/System's potential liability under the theory of apparent agency or agency by estoppel. Under Ohio law, even when actual agency does not exist, "agency may ... be conferred if the principal, intentionally or by the lack of ordinary care, causes or allows third persons to act upon the apparent agency relationship." *Irving Leasing Corp. v. M & H Tire Co.*, 16 Ohio App.3d 191, 195, 475 N.E.2d 127, 132 (1984); *see also Blackwell v. International Union, U.A.W.*, 9 Ohio App.3d 179, 458 N.E.2d 1272, 1275 (1983); *Fulton v. Aszman*, 4 Ohio App.3d 64, 446 N.E.2d 803, 812 (1982). The doctrine of apparent agency applies under Ohio law when the apparent agent has been permitted use the principal's business or trade name:

This principle is particularly applicable where one by license permits another to use his business or trade name. Obviously, the value of the use of the business or trade name is founded upon the reliance of the public upon the business or trade name, and the advertising promoting the product or service bearing the trade name. When a business or trade name is so used, the public is entitled to assume that transactions they undertake with one using that trade or business name, with authorization to do so, are transactions with the person whose business or trade name is being used.

*Agosto v. Leisure World Travel, Inc.*, 36 Ohio App.2d 213, 304 N.E.2d 910, 913 (1973). Thus, the doctrine of apparent agency under Ohio law may be used to hold a franchisor liable for the tortious acts of its franchisee. *Accord Theories of Liability, supra*, at 278 ("The theory of apparent agency or agency by estoppel imposes liability expressly on the basis of a franchisor's representation of the franchisee as a part of one overall operation and consumer reliance on that representation.... If the requisite showing is made, vicarious liability for the acts of the franchisee is imposed on the franchisor." (footnotes omitted)).

Having found that under Ohio law a franchisor may be vicariously liable for a franchisee's tortious conduct under a theory of apparent agency or agency by estoppel, the Court must now determine whether, based upon the record before it, genuine issues of fact exist on each element of this theory of liability. Under Ohio law, "[i]n order to establish such an agency, it must be shown that the principal held the agent out to the public as possessing sufficient authority to act on his behalf and that the person dealing with the agent knew these facts and, acting in good faith, had reason to believe the agent possessed the necessary authority." *Irving Leasing Corp.*, 16 Ohio App.3d at 195, 475 N.E.2d at 132; *see also Logsdon v. ABCO Construction Co.*, 103 Ohio App. 233, 241–43, 141 N.E.2d 216

(1956). In other words, in order to find apparent agency the Court must find a representation of Thin, Inc.'s agency status made by Nutri/System to Sharon Broock, and reasonable reliance upon this representation by Mrs. Broock. *Accord Theories of Liability, supra,* at 278–84.

■ The record in this case contains numerous indications that Nutri/System represented Thin, Inc. to be its agent. As one of Thin, Inc.'s co-owners testified at deposition: "If you ask 99 percent of the clients if they have ever heard of Thin, Inc., they would say no." Lengel deposition at 50. This testimony also indicates that all advertising was done under the name Nutri/System rather than Thin, Inc., *id.* at 43–46, that the sign outside the franchise bore only the name Nutri/System, *id.* at 26 & 51, and that the franchise was listed in the telephone directory only under the name Nutri/System, *id.* at 26. This testimony plainly creates at least a genuine issue as to whether Nutri/System represented the Thin, Inc. franchise to be its agent.

The Court must also find, based on the record before it, that at least a genuine issue exists as to whether Mrs. Broock reasonably relied upon those representations. Robert Broock, Mrs. Broock's widower, testified at deposition:

A. Sharon had come to me and said she wanted to, you know, had two children and she wanted to lose some weight and *she had read about Nutri/System and it guaranteed you lose so much weight.* Told you to lose so much weight in so much period of time and it cost X amount of dollars and that she wanted to go on that diet to lose some weight because she wouldn't—as with our first two children she was nursing the children so she wouldn't go on any type of diet because she knew it wouldn't benefit the children and she wanted the best for the kids.

Deposition of Robert Broock at 19 (emphasis added). Drawing the reasonable inference that Mrs. Broock, like "99 percent" of the franchise's customers had never heard of Thin, Inc., the Court concludes that a genuine issue exists as to whether Mrs.

Broock reasonably relied upon Nutri/System's alleged representations that the Thin, Inc. franchise was its agent.

Thus, because the Court finds that genuine issues exist both as to whether Nutri/System represented Thin, Inc. as its agent and as to whether Mrs. Broock reasonably relied upon such representations, the Court finds that genuine issues of material fact exist as to whether Nutri/System can be held vicariously liable for Thin, Inc.'s allegedly tortious conduct under a theory of apparent agency or agency by estoppel. Accordingly, summary judgment cannot be granted on Nutri/System's potential liability.

In sum, the Court finds, as a matter of law, that no *actual agency* relationship existed between Thin, Inc. and Nutri/System at the time of Sharon Broock's death, but that genuine issues of material fact exist as to whether an *apparent agency or agency by estoppel* relationship existed at that time. Defendant Nutri/System's Motion for Summary Judgment is therefore overruled.