# IN THE COURT OF APPEALS OF OHIO

SEVENTH APPELLATE DISTRICT
MAHONING COUNTY

SHELLY KRISTINE TOTH,

Plaintiff-Appellant,

v.

SUBWAY RESTAURANTS, LLC,

Defendant-Appellee.

---

**OPINION AND JUDGMENT ENTRY**
**Case No. 21 MA 0084**

---

Civil Appeal from the
Court of Common Pleas of Mahoning County, Ohio
Case No. 2019 CV 01673

**BEFORE:**
David A. D'Apolito, Gene Donofrio, Cheryl L. Waite, Judges.

---

**JUDGMENT:**
Affirmed.

---

*Atty. Irene K. Makridis,* and *Atty. Dimitrios N. Makridis*, 155 South Park Avenue, Suite 160, Warren, Ohio 44481, for Plaintiff-Appellant and

*Atty. Carolyn M. Cappel,* and *Atty. Patrick M. Cannell*, Weston Hurd LLP, 1300 East Ninth Street, Suite 1400, Cleveland, Ohio 44114, for Defendant-Appellee.

Dated:  September 16, 2022

**D'Apolito, J.**

**{¶1}** Appellant, Shelly Kristine Toth, appeals from the July 26, 2021 judgment of the Mahoning County Court of Common Pleas granting Appellee's, Subway Restaurants, LLC, motion for summary judgment. On appeal, Appellant asserts the trial court erred in granting Appellee's motion for summary judgment. Appellant asserts that Appellee should be held liable for the negligence that led to her injuries through a theory of apparent authority. Finding no reversible error, we affirm.

## FACTS AND PROCEDURAL HISTORY

**{¶2}** On August 14, 2019, Appellant filed a complaint against Appellee, J.B. Food Service, Inc., Craig Grazak, and James B. Smith.[1] In her complaint, Appellant alleged the following based on a negligence theory: Appellee is a licensed limited liability corporation engaged in the restaurant franchise business and is orchestrating the operation of Subway restaurants; J.B. Food Service, Grazak, and Smith own and/or operate a Subway restaurant located at 5052 Youngstown Poland Road, Youngstown, Mahoning County, Ohio 44514 ("the Restaurant"); the defendants had a contractual and common law duty to maintain the premises in a reasonably safe condition; Appellant patronized the Restaurant on August 14, 2017 with her friend, Ernie Olmi; while Appellant was proceeding to the register an unsecured metal chip display fell on her left leg, foot, and ankle causing injuries; and defendants had a duty to warn its customers due to the display rack's propensity to fall. (8/14/2019 Complaint, p. 1-3).

**{¶3}** On October 9, 2019, Appellee and J.B. Food Service filed answers, and Grazak and Smith filed Civ.R. 12(B) motions to dismiss. Appellant later voluntarily dismissed J.B. Food Service, Grazak, and Smith.

**{¶4}** On February 10, 2021, Appellee filed a motion for summary judgment. In support of its motion, Appellee stressed the following: it owes no duty to Appellant because it has no relationship with the franchisees (James and Brian Smith); it is not the franchisor (Doctor's Associates LLC ("DAL")) and was not involved in any of the alleged events leading to Appellant's claims; it is not a party to the October 10, 2011 Franchise

---

[1] Appellant improperly named Craig Grazak as "Crazak."

Agreement; and the Franchise Agreement directs the operation, control, and ownership of the Restaurant exclusively to the franchisees.  Appellee attached the affidavit of Anne Jasorkowski and a copy of the Franchise Agreement to its motion for summary judgment.

**{¶5}**  In her affidavit, Jasorkowski averred the following: she is employed by Franchise World Headquarters LLC as Lead Counsel, Franchising; in her capacity, she has knowledge of Appellee's business operations; she reviewed a copy of Appellant's complaint; Appellee is not a franchisor and has no relationship with J.B. Food Service or the franchisees that operate the Restaurant, James and Brian Smith; Appellee has no connection to the premises of the Restaurant; DAL is the franchisor of the Subway sandwich restaurant chain in the United States; Franchise World Headquarters is a service company to DAL, Appellee, and several affiliated entities that provides services in connection with the Subway franchise system and brand; each Subway restaurant is independently owned and operated pursuant to a franchise agreement executed by DAL and the franchise; on or about October 10, 2011, DAL and James and Brian Smith entered into the Franchise Agreement that allowed James and Brian Smith to own and operate the Restaurant; J.B. Food Service is used by James and Brian Smith to carry out business and operational functions associated with the Restaurant; on and prior to October 10, 2011, Appellee did not own, operate, manage, maintain, or control the premises of the Restaurant.  (Exhibit A, 2/10/2021 Affidavit of Anne Jasorkowski, p. 1-3).

**{¶6}**  The October 10, 2011 Franchise Agreement was between DAL (franchisor) and James and Brian Smith (franchisees).  (Exhibit 1, 10/10/2011 Franchise Agreement, p. 1).  James and Brian Smith made use of an operating entity, J.B. Food Service, as contemplated by subparagraph 9.b.  (*Id.* at p. 10).  The Franchise Agreement permitted the franchisees to assign their rights under the Agreement (but not the Agreement itself) to operate a Subway restaurant.  (*Id.* at p. 1, 3).  James and Brian Smith are not relieved of any contractual liability to DAL by assigning the operations to J.B. Food Service.  (*Id.* at p. 10).  The franchisees are solely responsible for the conduct of their employees and for the maintenance of the interior of the Restaurant, including furniture and fixtures.  (*Id.*

at p. 5). The Franchise Agreement further defines the relationship between DAL and James and Brian Smith as follows:[2]

> 11. OBLIGATIONS OF THE PARTIES. The parties also agree as follows:
>
> a. You are, and will at all times be identified as, a natural person and an independent contractor. You are not our agent, partner, or employee. This Agreement does not create a partnership, joint venture, agency, or fiduciary relationship. Furthermore, we are not responsible, jointly or severally, for any encumbrances undertaken by you in relation to the franchise business.

(*Id.* at p. 11-12).

{¶7} On March 12, 2021, Appellant filed a memorandum contra to Appellee's motion for summary judgment. In her opposition, Appellant contends that Appellee has remarkable control over the Restaurant. Appellant indicates that neither she nor any other customers was privy to the Franchise Agreement regarding that Appellee was in no way involved in the operation of the Restaurant. Appellant also relied on the deposition testimony of Ernie Olmi, her friend that was with her on the day of the incident. His testimony, however, is merely factual, has no bearing on the relationship of the parties, and has nothing to do with Appellee's involvement with the Restaurant. Appellee filed a reply brief one week later.

{¶8} On July 26, 2021, the trial court granted Appellee's motion for summary judgment finding that Appellee provided proper Civ.R. 56(C) and (E) evidence that established that it did not legally own, operate, control, or inspect the Restaurant and that it was not the franchisor. Appellant filed this appeal and raises one assignment of error.

## ASSIGNMENT OF ERROR

**THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT TO SUBWAY.**

---

[2] Appellant incorrectly states in her brief that the Franchise Agreement is between Appellee and J.B. Food Service.

**{¶9}** In her sole assignment of error, Appellant argues the trial court erred in granting Appellee's motion for summary judgment. Appellant asserts that Appellee should be held liable for the negligence that led to her injuries through a theory of apparent authority.

An appellate court conducts a de novo review of a trial court's decision to grant summary judgment, using the same standards as the trial court set forth in Civ.R. 56(C). *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105, 671 N.E.2d 241 (1996). Before summary judgment can be granted, the trial court must determine that: (1) no genuine issue as to any material fact remains to be litigated, (2) the moving party is entitled to judgment as a matter of law, (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing the evidence most favorably in favor of the party against whom the motion for summary judgment is made, the conclusion is adverse to that party. *Temple v. Wean United, Inc.*, 50 Ohio St.2d 317, 327, 364 N.E.2d 267 (1977). Whether a fact is "material" depends on the substantive law of the claim being litigated. *Hoyt, Inc. v. Gordon & Assoc., Inc.*, 104 Ohio App.3d 598, 603, 662 N.E.2d 1088 (8th Dist.1995).

"(T)he moving party bears the initial responsibility of informing the trial court of the basis for the motion, and identifying those portions of the record which demonstrate the absence of a genuine issue of fact on a material element of the nonmoving party's claim." (Emphasis deleted.) *Dresher v. Burt*, 75 Ohio St.3d 280, 296, 662 N.E.2d 264 (1996). If the moving party carries its burden, the nonmoving party has a reciprocal burden of setting forth specific facts showing that there is a genuine issue for trial. *Id.* at 293, 662 N.E.2d 264. In other words, when presented with a properly supported motion for summary judgment, the nonmoving party must produce some evidence to suggest that a reasonable factfinder could rule in that party's favor. *Brewer v. Cleveland Bd. of Edn.*, 122 Ohio App.3d 378, 386, 701 N.E.2d 1023 (8th Dist.1997).

The evidentiary materials to support a motion for summary judgment are listed in Civ.R. 56(C) and include the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact that have been filed in the case. In resolving the motion, the court views the evidence in a light most favorable to the nonmoving party. *Temple,* 50 Ohio St.2d at 327, 364 N.E.2d 267.

*Doe v. Skaggs,* 7th Dist. Belmont No. 18 BE 0005, 2018-Ohio-5402, ¶ 10-12.

**{¶10}** Appellant improperly named Appellee as a defendant in this case. The record reveals that Appellee is not the franchisor, is not a party to the Franchise Agreement, has no contractual relationship with J.B. Food Service, and has no involvement with the Restaurant's business operations. As stated, the franchisor of the Restaurant is DAL. The franchisees that own, operate, maintain, and control the Restaurant are James and Brian Smith, through their operating entity, J.B. Food Service. The franchisees established the franchise relationship with DAL (not with Appellee) by executing the Franchise Agreement on October 10, 2011. Appellee supported these facts with proper Civ.R. 56 evidence, i.e., the Affidavit of Anne Jasorkowski and the Franchise Agreement. Appellant failed to rebut Appellee's properly supported motion for summary judgment with her own proper Civ.R. 56 evidence. Whether premised upon negligence or apparent authority, Appellant's claims fail as a matter of law.

**{¶11}** Appellant did not raise the apparent agency theory of liability in her complaint or in her memorandum contra to Appellee's motion for summary judgment. Rather, it appears Appellant made her allegations against Appellee based solely on a negligence theory:

8. Defendants breached the duty they owed to Plaintiff by allowing the wrought iron display to remain unsecured in a high traffic area where it was foreseeable that it might fall and injure a customer such as Plaintiff.

9. Defendants were negligent in maintaining, inspecting and securing the wrought iron display on their premises; in failing to inspect it regularly to make sure it was secured; in failing to correct the continuing problem by

refastening it more securely or by removing it altogether; in failing to warn customers to stay away due to its propensity to fall; in failing to secure it with straps or chains to keep it from falling on the feet of customers as they would come near it in a high traffic area of the store.

10. As a proximate result of the negligence and carelessness of the Defendants, the wrought iron display fell on Plaintiff's left leg, ankle and foot and caused her personal injuries that required extensive medical care; caused her pain, discomfort and disability; she incurred medical bills for treatment and she will continue to do so into the future.

(8/14/2019 Complaint, p. 2-3).

In order to establish negligence, it is fundamental that the party seeking recovery must show the existence of a duty on the part of the one sued, failure to perform the duty, and that an injury resulted from this failure. *Linker v. Xpress Fuel Mart, Inc.,* 7th Dist. Mahoning No. 17 MA 172, 2018-Ohio-5404, ¶ 9. The issue of whether a duty exists in a negligence action is a question of law. *Laughlin v. Auto Zone Stores, Inc.,* 7th Dist. Mahoning No. 08 MA 10, 2008-Ohio-4967, ¶ 11.

*Watkins v. Alwishah*, 7th Dist. Columbiana No. 20 CO 0018, 2021-Ohio-3589, ¶ 23.

{¶12} "In the context of a negligence claim, duty is the threshold issue. *See Armstrong v. Best Buy Co.*, 99 Ohio St.3d 79, 2003-Ohio-2573, 788 N.E.2d 1088, ¶ 13. Where there is no duty, there can be no negligence." *Kumar v. Sevastos*, 8th Dist. Cuyahoga No. 109795, 2021-Ohio-1885, ¶ 28.

{¶13} In order to state a viable negligence claim against Appellee, Appellant needed to prove that Appellee owed a duty to her, that Appellee breached that duty, and that the breach proximately caused her injury. The record is clear, however, that Appellant failed to establish any relationship between Appellee and any of the parties which, in turn, would have given rise to a duty. Absent a relationship or any control, there can be no duty on behalf of Appellee. As a result, Appellee cannot be held liable to Appellant for negligence.

{¶14} Turning to Appellant's additional claim on appeal, even if Appellee were the proper party and the franchisor, which it is neither, the requirement that a franchisee adheres to brand standards does not amount to the control over the franchisee's restaurant necessary to establish liability under apparent authority. *See, e.g., Broock v. Nutri/System, Inc.*, 654 F.Supp. 7 (S.D.Ohio 1986); *Barrett-O'Neill v. Lalo, LLC*, 171 F.Supp.3d 725 (S.D.Ohio 2016). Appellant's reliance on J.B. Food Service's use of Subway logos, product line, store appearance, and advertising as a basis of liability under apparent authority is misplaced as a display of a trademark by an independent, franchise business does not automatically create an agency relationship as a matter of law. *See, e.g., Jabbour v. Caterpillar Tractor Co.*, 780 F.2d 1021 (6th Cir.1985). The record here does not create an inference of an agency relationship or give rise to a reasonable belief that an agency relationship exists between J.B. Food Service and Appellee. Despite her arguments, Appellant has failed to support her claim for apparent authority or apparent agency against Appellee.

{¶15} Accordingly, the trial court properly granted summary judgment in favor of Appellee.

## CONCLUSION

{¶16} For the foregoing reasons, Appellant's sole assignment of error is not well-taken. The July 26, 2021 judgment of the Mahoning County Court of Common Pleas granting Appellee's motion for summary judgment is affirmed.

Donofrio, P.J., concurs.

Waite, J., concurs.

Case No. 21 MA 0084

---

For the reasons stated in the Opinion rendered herein, the assignment of error is overruled and it is the final judgment and order of this Court that the judgment of the Court of Common Pleas of Mahoning County, Ohio, is affirmed. Costs to be taxed against the Appellant.

A certified copy of this opinion and judgment entry shall constitute the mandate in this case pursuant to Rule 27 of the Rules of Appellate Procedure. It is ordered that a certified copy be sent by the clerk to the trial court to carry this judgment into execution.

## <u>NOTICE TO COUNSEL</u>

**This document constitutes a final judgment entry.**